(No. 38921.—

GROVER I. WISE, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILBUR McNEIL, Appellee).

*Opinion filed March 18, 1965.*

LILIENSTEIN, KNUPPEL & GROSBOLL, of Petersburg, (JOHN L. KNUPPEL and JOHN E. GROSBOLL, of counsel) for appellant.

FREDERICK R. PEFFERLE, of Springfield, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The issue here presented is whether application for adjustment of claim was filed with the Industrial Commission within one year after the last payment of compensation.

A back injury was suffered by the employee on September 23, 1960. He did not work from October 31 to November 21, 1960, and from April 14 to May 26, 1961, and was paid compensation of $50 per week during those periods by his employer's compensation insurance carrier. His application, filed July 5, 1962, was dismissed by the Industrial Commission for want of jurisdiction on the ground that it had not been filed in apt time, and the circuit court of Menard County affirmed the Commission's decision.

The statute provides in part: "unless application for

compensation is filed * * * within one year after the date of last payment of compensation, where any has been paid, the right to file such application shall be barred." Ill. Rev. Stat. 1963, chap. 48, par. 138.6(c).

After May 26, 1961, the employer paid the employee at his usual and customary rate of pay in full without docking him when he took time off to obtain medical treatment or services. The employee consulted a local physician on a number of occasions. Each time he would be away from work one to one and a half hours. He missed five half days when he consulted out-of-town physicians and was away from work three consecutive days in August 1961.

The employee argues that wages paid for the periods of his temporary absences constituted compensation within the meaning of the Workmen's Compensation Act. The cases cited as authority are based upon the rule of *Field & Co.* v. *Industrial Com.* 305 Ill. 134, as interpreted by *United Air Lines* v. *Industrial Com.* 364 Ill. 346, 348 and 349, "that where an employer makes payments to an injured employee during a period of time when the employee is unable to work, and liability under the Compensation act is not denied, such payments will be construed to have been made in consequence of the employer's liability." Under this rule payments constitute compensation for the purpose of tolling the limitation provision of the statute. It must be observed, however, that an integral part of the rule is the *inability of the employee to work*. In the *Field* case the employee was unable to work for approximately four months, in the *United Air Lines* case the period was six months, and in *Tyler* v. *Industrial Com.* 364 Ill. 381, it was for a period of more than six months. In each instance, the employer made payments of various amounts to the employee during his absence.

We believe this case to be readily distinguishable. There was no showing of inability to work because the employee was in fact working every day, except for his short tempo-

rary absences. To hold that the rule prevails under such circumstances as these would lead to absurd results.

The employee's alternative ground for reversal is that his counsel mailed an application to the Commission on May 14, 1962, within the prescribed filing time. This application was never received by the Commission. We need not indulge in the suggested presumption that the application was received in apt time and thus constituted a filing. A letter dated May 19, 1962, from employee's counsel to a representative of the compensation insurance carrier stated that the application would be filed and that filing would not be delayed "after next week". A second application was actually received and filed on July 5, 1962, and on the same day a letter was addressed to the same representative in which employee's attorney stated that "I have now filed with the Industrial Commission" (the application). The Commission was entirely justified in holding that no application was filed with it until July 5, 1962.

The judgment of the circuit court of Menard County is affirmed.

*Judgment affirmed.*