CECIL FOLKS, JR., Plaintiff-Appellant, *v.* HURLBERT'S WHOLESALE SIDING AND ROOFING, INC., Defendant-Appellee.

Fourth District    No. 16499

Opinion filed February 3, 1981.

James Walker, Ltd., of Bloomington (John R. Bailen, of counsel), for appellant.

Costigan & Wollrab, of Bloomington (Guy C. Fraker, of counsel), for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

We are faced here with a question of what awards under Workers' Compensation are entitled to interest.

The facts of this case are largely undisputed. They are discussed only to the extent necessary to illuminate the legal issues presented.

Plaintiff filed a claim under the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*) for injuries received while employed by the defendant. On December 29, 1978, an arbitrator entered an award in favor of the plaintiff providing for payment of: (1) $6,596.38, representing sums due for temporary total disability and a portion of the award for permanent partial disability; (2) $3,032.23 for medical expenses; and (3) $106.67 per week for a specified period as the balance of compensation for permanent partial disability.

The arbitrator's decision was appealed to the Industrial Commission which affirmed on January 4, 1980. On that same date defendant paid sums representing: (1) $6,596.38 *plus interest* from the date of the arbitrator's award; (2) $3,032.23 for medical expenses, *without interest*; and (3) a sum representing $106.67 per week from the date of the arbitrator's award to the date of payment, *without interest.*

Interest on the second and third portions of defendant's payments is now the subject of this dispute.

Plaintiff then filed an application for judgment in the circuit court under section 19(g) of the Act, seeking: (a) interest on the weekly payments which came due after the arbitrator's award; (b) interest on the medical payments from the time of the arbitrator's award until payment; and (c) attorney's fees. The trial court found for the defendant and plaintiff appeals.

We affirm.

I

In arguing that he is entitled to interest, plaintiff relies upon section 19(n) of the Act:

"All decisions of the Industrial Commission confirming or increasing an award entered by an arbitrator of the Commission shall

bear interest at the rate of 6% per annum *from the date of the arbitrator's award on all compensation accrued."* (Emphasis ours.) (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(n).)

Plaintiff claims the clear intent of the above-quoted section is that interest is computed on any sums held to be due by the arbitrator *plus* any compensation accruing thereafter.

We disagree.

■■ The plain language of section 19(n) sets forth the date of the arbitrator's award as the *date* from which interest is computed. The section also defines the *sums* upon which interest is computed—on all compensation *accrued.* The use of the past tense "accrued" is significant. When read in conjunction with the clause which immediately precedes it, clearly interest is due only on those sums which have "accrued" on the date of the award.

Plaintiff also argues that the purpose of assessing interest is to encourage prompt payment of awards and that there should be as much incentive for a defendant to make the periodic payments which accrue after the arbitrator's award as there is to pay those sums which accrue in the award. While the purpose of the interest provision is indeed salubrious, we are faced with the language promulgated by the legislature. To our reading, section 19(n) simply does not entitle plaintiff to interest upon payments which accrue *after* the arbitrator's award.

Two cases upon which plaintiff places heavy reliance, *Proctor Community Hospital v. Industrial Com.* (1971), 50 Ill. 2d 7, 276 N.E.2d 342, and *McMurray v. Peabody Coal Co.* (1917), 281 Ill. 218, 118 N.E. 29, are both distinguishable by the fact that they dealt with section 3 of the Interest Act (Ill. Rev. Stat. 1979, ch. 74, par. 3), and did not involve the statutory language presented here.

■■ We therefore hold that the trial court correctly denied the plaintiff's application for judgment for sums representing interest on periodic payment coming due after the arbitrator's award.

## II

The second and final question with which we are faced is whether the trial court correctly determined that the plaintiff was not entitled to interest on the medical payments from the date of the award until the date they were paid. Again, we agree with the trial court. While our analysis on the question of whether interest was payable on periodic payments focused upon the date of "accrual," our inquiry here is whether medical expenses are "compensation."

Plaintiff argues that medical expenses pursuant to section 8 of the Act are "compensation" under section 19(n) and that interest is payable on the $3,032.23 in medical expenses from the date of the arbitrator's award. As

authority, plaintiff presents the decision in *Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 383 N.E.2d 207. In *Ahlers*, our supreme court held that claimants are allowed to prosecute actions to recover medical claims under section 19(g), which provides for actions in the circuit court to recover "compensation." As the defendant points out, however, the *Ahlers* decision made no mention of interest and did not deal with section 19(n).

Our reading of the Act leads us to agree with the defendant and the circuit court. Section 8 of the Act delineates the amounts of compensation in nonfatal cases. Subsection 8(a) provides that the employer shall pay for necessary first aid, medical and surgical expenses. That subsection further provides:

> "The furnishing of any such services or appliances or the servicing thereof by the employer is not the payment of compensation." Ill. Rev. Stat. 1979, ch. 48, par. 138(a).

As defendant points out, the Act consistently distinguishes between medical expenses and compensation. And "compensation" is a term of art under the Act. For instance, section 8(a) provides that the furnishing of medical services is not an admission of liability to pay compensation, and section 8(b) 7 provides that the payment of compensation is not an admission of liability. There would be no need for two separate provisions removing liability unless there is in fact a difference between medical expenses and compensation.

■■ ■ Furthermore, it has been consistently held that the payment of medical expenses does not extend the time of filing an application under section 6(d) of the Act, which provides that an application must be filed within two years after the date of the last payment of compensation. *Lewis v. Industrial Com.* (1934), 357 Ill. 309, 192 N.E. 212; see also *Wise v. Industrial Com.* (1965), 32 Ill. 2d 375, 205 N.E.2d 451.

For the above stated reasons, the decision of the trial court denying plaintiff's application for judgment is hereby affirmed.

Affirmed.

TRAPP, P. J., and GREEN, J., concur.