PEDRO SALDANA, Plaintiff-Appellant, *v.* AMERICAN MUTUAL CORPORATION *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 79-2117

Opinion filed May 27, 1981.—Rehearing denied July 13, 1981.

Kenneth S. Lewis and W. Joseph Hetherington, both of Lewis & Davidson, and Sidney Z. Karasik, all of Chicago, for appellant.

Phelan, Pope & John, Ltd., of Chicago (Michael A. Pope, John M. Christian, and Mary Kathryn Kelly, of counsel), for appellees.

Mr. PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Plaintiff Pedro Saldana, brought this action on his own behalf and on behalf of other employees who, like plaintiff, worked for employers that were insured by defendant, American Mutual Corporation, and had received workmen's compensation awards but were not paid interest on those awards pursuant to section 19(n) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(n)). Plaintiff sought a deter-

mination that class action status was appropriate (Ill. Rev. Stat. 1977, ch. 110, par. 57.2), and further sought an accounting by defendant to all class members for interest due on their workmen's compensation awards from the dates that the arbitrators entered the awards to the dates when the awards were tendered. The trial court struck the class action allegations and dismissed the remainder of the complaint. We reverse and remand.

On October 22, 1975, an arbitrator for the Industrial Commission awarded plaintiff $7,265.86 as compensation for injuries he sustained arising out of and in the course of his employment by Flexi-Mat Corporation on March 14, 1973. The award was subsequently affirmed by the Industrial Commission. On writ of *certiorari*, the circuit court confirmed the Commission's decision. Defendant, Flexi-Mat's insurer, tendered payment of the award to plaintiff on September 24, 1977.

Plaintiff filed the present action on August 18, 1978. In his complaint, he alleged that defendant had not paid accrued interest on his workmen's compensation award, and that he was entitled to such interest from the date that the arbitrator entered the award to the date that payment was tendered, as required by section 19(n) of the Act. Plaintiff further alleged that defendant owed interest on workmen's compensation awards it had made to numerous other employees after July 1, 1975, the date that section 19(n) became effective. Additional allegations set forth the basis for his contention that this suit was appropriate for prosecution as a class action because the prerequisites established by section 57.2 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57.2) had been met.

Defendant filed a motion to strike the class action allegations and to dismiss the complaint. Defendant argued that the complaint failed to state a claim upon which class action relief could be granted because the allegations were insufficient to establish the prerequisites for maintaining a class action. Also, defendant contended that plaintiff failed to state an individual cause of action because section 19(n) was inapplicable to plaintiff's award since his injuries occurred prior to the enactment of that provision. Defendant also claimed that plaintiff failed to exhaust his administrative remedies and never requested the payment of any interest. The trial court granted defendant's motion and made a finding that plaintiff failed to exhaust his administrative remedies. We do not agree with the ruling.

In considering a motion to strike or dismiss, the complaint must be considered as a whole. Allegations should not be stricken nor the complaint dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved under the pleadings which would entitle plaintiff to relief. (See *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 578, 325 N.E.2d 799, 803.) Based on these considerations, we conclude that plaintiff's allegations regarding a

class action should not have been stricken. The complaint, when read as a whole, contains sufficient allegations to withstand the motion to strike.

In order to maintain a class action, the court must find the following prerequisites: (1) the class is so numerous that joinder of all members would be impracticable; (2) there are questions of fact or law common to the class which predominate over any questions affecting only individual members; (3) the representative party will fairly and adequately protect the interests of the class; and (4) a class action is an appropriate method for the fair and efficient adjudication of the controversy. Ill. Rev. Stat. 1977, ch. 110, par. 57.2.

Regarding the first requirement, plaintiff alleged that there were numerous other employees of employers insured by defendant who received workmen's compensation awards subsequent to the effective date of section 19(n), and who, like plaintiff, did not receive the accrued interest to which they were entitled under that section of the Act. Defendant challenged this allegation on the basis that it did not sufficiently identify prospective members of the class. We disagree with defendant.

■■ The complaint readily informed defendant of the potential members of the class. Plaintiff was not required to name the specific individuals who were possible members of the class. Moreover, defendant cannot complain that this information was not available to it, since the information was more within the province of defendant's knowledge than plaintiff's. Also, since the class action will involve claims made over more than a three-year period,[1] it appears that joinder would be impracticable. See *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 337, 371 N.E.2d 634, 642-43.

■■ The remaining prerequisites for maintaining a class action are also sufficiently alleged in the complaint. The common question which predominates over any other questions affecting only individual members is whether employees of employers insured by defendant are entitled to recover interest under section 19(n) on any workmen's compensation award made after the effective date of that provision. The fact that the class members' claims for damages may be in varying amounts which have to be determined separately does not necessarily mean that the common question does not predominate. (See *Fiorito v. Jones* (1968), 39 Ill. 2d 531, 544, 236 N.E.2d 698, 706; *Midway Tobacco Co. v. Mahin* (1976), 42 Ill. App. 3d 797, 804-05, 356 N.E.2d 909, 915-16.) Next, the allegations made by plaintiff in regard to his individual claim show that plaintiff could fairly and adequately represent the interests of the other

---

[1] On appeal, plaintiff represented that the Industrial Commission began ordering the payment of interest on workmen's compensation awards as of October 1, 1978. Accordingly, it appears that awards made without interest between July 1, 1975, and October 1, 1978, are involved in this suit.

class members. Plaintiff's interest is the same as that of other class members. It does not appear that collusion was involved in bringing this action, or that this is a "friendly" action. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 338-39, 371 N.E.2d 634, 643.) Finally, in regard to the fourth prerequisite, plaintiff alleged that a class action would be a fair and efficient method of disposing of the predominating issue here because it would avoid a multiplicity of suits and possible inconsistent results. If this allegation is taken as true, it is sufficient to meet the fourth prerequisite for bringing a class action.

■■ Further, in considering defendant's motion to strike the class action, we must apply section 42(2) of the Civil Practice Act. It states: "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." (Ill. Rev. Stat. 1977, ch. 110, par. 42(2).) Moreover, where a motion to strike is made because the complaint is substantially insufficient in law, the motion must point out where the insufficiency lies. (Ill. Rev. Stat. 1977, ch. 110, par. 45(2).) Here, plaintiff's complaint was clearly sufficient to apprise defendant of the nature of the class action claim against which defendant would have to defend. Moreover, except for defendant's contention that the complaint does not meet the first prerequisite for a class action, an argument which we have already rejected, defendant's motion merely consists of general denials that the prerequisites for a class action exist. Nowhere in its motion did defendant specify why plaintiff's allegations were insufficient, as required by section 45(2).

■■ The remaining question concerning the striking of the class action as well as the granting of the motion to dismiss is whether the complaint stated an individual cause of action by plaintiff. Unless the plaintiff has a cause of action against the defendant, any attempted class action fails. (*Kittay v. Allstate Insurance Co.* (1979), 78 Ill. App. 3d 335, 339, 397 N.E.2d 200, 203; see *Landesman v. General Motors Corp.* (1978), 72 Ill. 2d 44, 47-48, 377 N.E.2d 813, 814.) In regard to the dismissal of plaintiff's individual cause of action question, defendant first contends that section 19(n) was not applicable to plaintiff because his injury occurred prior to July 1, 1975, the effective date of that provision. However, plaintiff's workmen's compensation award was made after that date. We therefore conclude that the statutory provision was applicable to plaintiff's award.

In regard to whether the complaint states an individual cause of action, defendant also contends that plaintiff failed to exhaust his administrative remedies. Defendant's argument is without merit.

■■ Defendant first argues that plaintiff was required to seek an order for the payment of interest either from the Industrial Commission at the time it affirmed plaintiff's award or from the circuit court when it confirmed

the Industrial Commission's decision. However, we conclude that plaintiff was not required to anticipate that defendant would not comply with the statute requiring the payment of interest. Rather, the burden was on defendant to tender the full amount of its debt. See *Pinkstaff v. Pennsylvania R. R. Co.* (1964), 31 Ill. 2d 518, 526, 202 N.E.2d 512, 516; *Smith v. Gen Co.* (1973), 11 Ill. App. 3d 106, 109, 296 N.E.2d 25, 28.

■■ Defendant next argues that once payment was tendered without interest, plaintiff was required to proceed again before the Industrial Commission to recover interest on his award. We disagree. Exhaustion is not required where an administrative agency is unable to provide an adequate remedy. (See *Getto v. City of Chicago* (1979), 77 Ill. 2d 346, 356-57, 396 N.E.2d 544, 548-49.) Here, plaintiff is seeking to collect interest on his award. The only action the Industrial Commission could perform with regard to this request is to determine the amount of interest owed on the award. Since the interest is established by statute, this determination would merely be a perfunctory act which would not involve the expertise of the Commission. The Commission does not have the power to enter judgment for the payment of interest or to enforce the collection of such interest. (Compare Ill. Rev. Stat. 1977, ch. 48, par. 138.19(g); *Smith v. Gen Co.* (1973), 11 Ill. App. 3d 106, 110, 296 N.E.2d 25, 29.) Thus, because the Commission could not afford plaintiff adequate relief, defendant's argument that plaintiff was required to exhaust his administrative remedies is unavailing.

We therefore conclude that the complaint states an individual cause of action by plaintiff. Consequently, the class action allegations should not have been stricken, and the complaint should not have been dismissed.

Accordingly, the order of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

McGILLICUDDY and WHITE, JJ., concur.