MICHAEL WALTERS, Plaintiff-Appellant, *v.* MIDLAND-ROSS CORPORATION *et al.*, Defendants-Appellees.

First District (4th Division)   No. 82—471

Opinion filed July 7, 1983.

Thomas R. Challos, Jr., of Finn, LeSueur and Challos, of Chicago, for appellant.

Pretzel, Stouffer, Nolan & Rooney, of Chicago (Robert Marc Chemers and Mark C. Amador, of counsel), for appellee Midland-Ross Corporation.

Baker & McKenzie, of Chicago (Gerald L. Maatmon, Jr., Peter J. Mone, and Francis D. Morrissey, of counsel), for appellee Esis, Inc.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Michael Walters, brought suit in the circuit court of Cook County on September 8, 1981, seeking interest on an award granted him under the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(n)). Plaintiff seeks to maintain a class action suit on behalf of all others similarly situated. The trial court sustained motions to dismiss by both defendants and this appeal followed.

On appeal, the following issues are raised: (1) whether interest should be paid on an arbitrator's award of workers' compensation benefits when neither party sought a review of the award; (2) whether plaintiff should have exhausted his administrative remedies before resorting to the circuit court; (3) whether the question of interest is moot; (4) whether the action is duplicative of plaintiff's petition which was pending before the Illinois Industrial Commission when this action was filed; and (5) whether plaintiff's complaint sufficiently states a cause of action both individually and as a member of a class.

We affirm.

Plaintiff Walters was an employee of defendant Midland-Ross Corporation (Midland-Ross) when he sustained a job-related injury on June 15, 1979. He filed an application for adjustment of claim with the Illinois Industrial Commission (IIC) seeking benefits under the Workers' Compensation Act (Act). Defendant Esis Incorporated (Esis) defended the claim on behalf of Midland-Ross for whom it was the

workers' compensation service agent.

The claim was heard by an arbitrator of the IIC on September 25, 1980, and on November 21, 1980, plaintiff was awarded benefits pursuant to the Act. The award gave plaintiff benefits totaling 30¼ weeks of disability representing a 15% loss of use of his right middle finger and a 100% loss of use of his right ring finger, totaling $5,041.77. Additionally, plaintiff received $904.78 for 5³/₇ weeks of temporary disability plus $618 for payment of medical expenses. The total amount awarded plaintiff was $6,544.55.

Attorneys for both plaintiff and defendants were notified of the arbitrator's award on December 9, 1980. Neither party filed a petition for review of the arbitrator's award within the 15 days allowed by section 19(b) of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(b)).

On March 4, 1981, plaintiff filed a petition with the IIC pursuant to section 19(k) of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(k)) seeking penalties against defendant Midland-Ross for failure to pay the award promptly. On March 10, 1981, plaintiff received a check from Esis for the amount awarded ($6,564.55). A hearing was held on plaintiff's petition on April 28, 1981.

Testimony at the April 28, 1981, hearing established that Esis did not receive permission from Midland-Ross to pay the award until mid-January 1981. A change by Esis from a manual to a computerized system resulted in a backlog of checks to be paid. Plaintiff's check was erroneously sent to Midland-Ross instead of to plaintiff and had to be returned to Esis and reissued before plaintiff received it.

At the close of the hearing before the IIC commissioner on April 28, 1981, the commissioner asked the parties to submit written memoranda of law on the issues. It appears that no decision had been rendered by the IIC commissioner as of the time of filing of this action in the circuit court of Cook County.

On September 8, 1981, plaintiff filed suit in the circuit court of Cook County seeking interest on the award. Plaintiff also sought to maintain the action as a class action suit. On October 15, 1981, defendant Esis sent plaintiff's attorney a check in the amount of $116.53 representing interest on the award computed at the rate of 6% from November 21, 1980, to March 10, 1981. Plaintiff refused to accept the check, and the action remained pending before the circuit court.

On October 27, 1981, defendant Esis filed a motion to dismiss plaintiff's suit on the following grounds: (1) plaintiff's claim was moot since defendant attempted to tender the amount of interest sought by plaintiff; (2) section 19(n) of the Act allows interest only on awards

that are confirmed or increased by the full IIC; (3) plaintiff had not exhausted his administrative remedies and the action was duplicative of plaintiff's petition then pending before the IIC; and (4) the delay in payment was due to clerical and administrative errors and was not a deliberate act by defendant. Defendant Midland-Ross adopted defendant Esis' motion to dismiss and additionally filed its own amended motion to dismiss on the following grounds: (1) that defendant Esis had complete responsibility for and control of all Midland-Ross' workers' compensation claims; (2) that plaintiff's complaint is insufficient to establish the prerequisite for maintaining a class action suit; and (3) that the action should be dismissed with prejudice.

The trial court granted defendant Esis' motion to dismiss and Midland-Ross' motion to dismiss with prejudice. The trial court did not reach the merits of the case or the question of plaintiff's eligibility to maintain a class action.

Plaintiff makes a lengthy argument in support of his claim for interest on the arbitrator's award. However, defendant Esis sent a check for $116.53 to plaintiff's attorney on October 15, 1981. The amount represented interest at 6% per annum on the award from November 21, 1980, to March 10, 1981. Plaintiff refused to accept the check and continued to press his claim in the circuit court. It thus appears that plaintiff previously refused to accept that which he is now seeking from this court.

■■ ■ We agree with defendant Esis that as to this issue a controversy no longer exists between the parties. A court of review will not decide a moot issue merely to settle a dispute or guide future litigation. An issue is moot when there is not actual controversy. *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 378, 121 N.E.2d 486, 488.

In this case the issue of interest due plaintiff became moot when defendant Esis acknowledged owing interest by attempting to tender the amount in question to plaintiff. We find no reason to depart from the established rule that a reviewing court will not reach the merits of a case when no actual rights of the parties will be affected. *Wheeler v. Aetna Casualty & Surety Co.* (1974), 57 Ill. 2d 184, 189, 311 N.E.2d 134, 137.

■ We next address the issue of whether plaintiff should have exhausted his administrative remedies before resorting to the circuit court. Plaintiff argues that exhaustion of administrative procedures was not required because the IIC could not provide an adequate remedy. Plaintiff cites *Saldana v. American Mutual Corp.* (1981), 97 Ill. App. 3d 334, 422 N.E.2d 860, in support of his argument. However,

328

*Saldana* is inapposite to plaintiff's case. In *Saldana*, the arbitrator's award had been reviewed by the IIC as required by statute. That is not so in this case.

Plaintiff never sought a review of the award. Instead, he later sought penalties against defendants under section 19(k) of the Act. While that action was pending, plaintiff commenced the instant action in circuit court. Assuming, *arguendo*, that the IIC had granted plaintiff's petition for penalties coupled with defendants' attempt to tender interest, plaintiff would have been made whole in the manner contemplated by the statute. (See Ill. Rev. Stat. 1981, ch. 48, par. 138.19(k).) However, contrary to statutory requirements, plaintiff did not wait for the ruling of the IIC before filing suit in the circuit court. We hold that the trial court properly dismissed plaintiff's suit for failure to exhaust administrative remedies and that the matter was not properly before the circuit court.

In view of our holding, we will not address the other issues raised by plaintiff.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P.J., and JIGANTI, J., concur.