BETTY ELLEN HUGHES, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (General Electric Company, Appellee).

Fourth District (Industrial Commission Division) No. 4—89—0195WC

Opinion filed April 9, 1990.

144

McCULLOUGH, J., specially concurring.

Stephen M. Cornelius, of Scheele, Cornelius & Associates, Ltd., of La-Grange, for appellant.

Dukes, Martin, Helm & Ryan, Ltd., of Danville (John F. Martin, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:
Claimant, Betty Ellen Hughes, brought an action under the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*) seeking compensation for injuries which she sustained on August 10, 1981, while working for respondent, the General Electric Company. The arbitrator awarded benefits to claimant under section 8(c) of the Act for permanent disfigurement and under section

8(d)(2) of the Act for permanent partial disability in the sum of $173.33 per week for 250 weeks. This award also included an interest award at 8.3% pursuant to section 19(n) of the Act. The Industrial Commission (Commission) reduced the award to 150 weeks of benefits pursuant to section 8(c) of the Act. This award also included an award of interest pursuant to section 19(n) of the Act. Respondent paid the principal of the award on July 30, 1987, and tendered the amount of interest due on the amount of the award that had accrued up to the date of arbitration. Claimant subsequently filed a petition pursuant to section 19(n) asking the Commission to determine the amount of interest due under its award. Claimant alleged she was due interest on the award amounts accruing after the date of the arbitrator's decision. The Commission concluded that it did not have jurisdiction to hear the matter. The circuit court of Vermilion County confirmed the decision of the Commission.

Claimant appeals, contending that the Commission has jurisdiction to determine the amount of interest due pursuant to section 19(n) of the Act. Respondent maintains, however, that this court's decision in *Saldana v. American Mutual Corp.* (1981), 97 Ill. App. 3d 334, 422 N.E.2d 860, requires a finding that the Commission did not have jurisdiction to hear claimant's request.

In *Saldana*, the plaintiff filed suit in the circuit court seeking to collect interest on a section 19(n) award. The defendant argued that once payment of the award has been tendered without interest, plaintiff was required to proceed before the Commission to recover interest on the award. This court determined, however, that the Commission was not the proper forum for the action. The court stated that while the Commission would be able to determine the amount of interest owed on the award, it did not have the power to enter judgment for the payment of interest or to enforce the collection of such interest. Accordingly, the court concluded that the expertise of the Commission would not be required and that the Commission could not afford plaintiff adequate relief. *Saldana v. American Mutual Corp.* (1981), 97 Ill. App. 3d 334, 422 N.E.2d 860.

■ Nevertheless, our supreme court has specifically stated that interest accrued under section 19(n) "should properly be computed by the Industrial Commission." (*Keystone Steel & Wire Co. v. Industrial Comm'n* (1981), 85 Ill. 2d 178, 188, 421 N.E.2d 918.) In light of *Keystone Steel & Wire*, we decline to follow *Saldana*, and instead, find that the Commission has jurisdiction to determine interest due under a section 19(n) award.

■ We next will address the issue of whether the Commission

lost jurisdiction upon the lapse of the appeal period. Claimant filed her 19(n) petition on September 11, 1987, 84 days after the order of the Commission, and 43 days after her receipt of respondent's payment of the award together with the interest it believed was owed. Section 19(f)(1) of the Act provides that a proceeding for review of the decision of the Commission shall be commenced within 20 days of the receipt of notice of that decision. (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(f)(1).) We do not believe, however, that claimant seeks review or correction of the award. Rather, in our view, claimant seeks a determination of the interest due her pursuant to a valid section 19(n) award. Accordingly, the section 19(f)(1) appeals period does not apply. Respondent does not cite, nor are we able to locate, any authority which would preclude the Commission from hearing this matter.

In her appeal, claimant seeks an award of interest on amounts accruing after the arbitrator's award, but before the date of payment. This court, however, has held that interest is due only on those sums which have "accrued" as of the date of the award. (*Folks v. Hurlbert's Wholesale Siding & Roofing, Inc.* (1981), 93 Ill. App. 3d 19, 416 N.E.2d 745. See also *Ballard v. Industrial Comm'n* (1988), 172 Ill. App. 3d 41, 526 N.E.2d 675.) Claimant argues that legislative amendments to section 19(n) of the Act render the *Folks* decision invalid. We disagree.

Prior to the 1984 amendments, section 19(n) provided as follows:

"(n) All decisions of the Industrial Commission confirming or increasing an award entered by an arbitrator of the Commission shall bear interest at the rate of 6% per annum from the date of the arbitrator's award *on all compensation accrued.* However, the employer or his insurance carrier may tender the payments due under the award to stop the further accrual of interest on such award notwithstanding the prosecution by either party of review, certiorari, appeal to the Supreme Court or other steps to reverse, vacate or modify the award." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(n).)

Subsequent to amendment, section 19(n) provides as follows:

"After June 30, 1984, decisions of the Industrial Commission reviewing an award of an arbitrator of the Commission shall draw interest at a rate equal to the yield on indebtedness issued by the United States Government with a 26-week maturity next previously auctioned on the day on which the decision is filed. Said rate of interest shall be set forth in the Arbitrator's Decision. Interest shall be drawn from the date of

the arbitrator's award *on all accrued compensation* due the employee through the day prior to the date of payments. However, when an employee appeals an award of an Arbitrator or the Commission, and the appeal results in no change or a decrease in the award, interest shall not further accrue from the date of such appeal." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 48, par. 138.19(n).

■ Our review of the legislative history surrounding this amendment reveals no intent on the part of the legislature to alter the meaning of this provision insofar as it relates to the sums upon which interest is computed. Rather, the amendments to section 19(n) were intended merely to decrease the interest rate applicable to those sums. Furthermore, the amendments to section 19(n), together with the other amendments made to the Act by Public Act 83—1125, were intended to save the employer community an estimated $40 million per year. (See generally 83d Ill. Gen. Assem., House Proceedings, May 24, 1984, at 66.) Thus, the interpretation of section 19(n) which claimant urges on this court is inconsistent with the goals of the amendments to the Act.

■ Moreover, we believe the rationale articulated by this court in *Folks* applies with equal force to the amended statutory language. Specifically, the plain language of section 19(n) sets forth the date of the arbitrator's award as the *date* from which interest is computed, and later indicates that the interest is due through the day prior to the date of payments. The section additionally defines the *sums* upon which interest is computed as "all *accrued* compensation." As we noted in *Folks*, the use of the past tense "accrued" is significant, and when read in conjunction with the clause immediately preceding it, evidences an intent that interest be due only on those sums which have "accrued" on the date of the award. See generally *Folks v. Hurlbert's Wholesale Siding & Roofing, Inc.* (1981), 93 Ill. App. 3d 91, 416 N.E.2d 745.

Further, the interpretation which claimant advocates would permit interest to be drawn *from* the date of the arbitrator's award on sums which accrue as late as the day prior to payment. That is, claimant suggests that for purposes of interest computation, sums which accrue as late as the day prior to payment be treated as if they had accrued on the date of the arbitrator's award. We do not believe the legislature intended such a result.

Accordingly, we conclude that claimant is not entitled to section 19(n) interest on compensation accrued after the date of the arbitrator's award.

For the foregoing reasons, the judgment of the circuit court of Vermilion County is affirmed.

Judgment affirmed.

BARRY, P.J., and WOODWARD and LEWIS, JJ., concur.

JUSTICE McCULLOUGH, specially concurring:

With respect to the jurisdiction issue, I respectfully disagree.

June 19, 1987, the Industrial Commission issued its decision, which stated in part:

> "It is further ordered by the Commission that the respondent pay to the petitioner interest under section 19(n) of the Act."

No motion was filed by either party to correct the decision, per section 19(f) of the Act.

No timely proceeding for review was filed, per section 19(f)(1) of the Act.

September 11, 1987, 84 days after the Industrial Commission decision, the claimant filed a petition with the Industrial Commission asking the Commission to determine the amount of interest due.

As is apparent, administrative review of the June 19, 1987, order was not sought. The claimant did not request the Industrial Commission to correct or modify its decision per section 19(f) of the Act. No appeal was taken. Hence, there is no authority granting the Industrial Commission jurisdiction of the September 11 petition.

This case does not fit in the *Keystone* mold. *Keystone* concerned a *"timely"* direct appeal.

The Industrial Commission did order respondent to pay section 19(n) interest. As the *Saldana* court stated:

> "[P]laintiff is seeking to collect interest on his award. The only action the Industrial Commission could perform with regard to this request is to determine the amount of interest owed on the award. Since the interest is established by statute, this determination would merely be a perfunctory act which would not involve the expertise of the Commission." (*Saldana,* 97 Ill. App. 3d at 339, 422 N.E.2d at 863.)

Although section 19(n) allows interest, as the Commission ordered, it does not mandate or suggest a calculation of the dollar amount.

The claimant has her final judgment. She is not without remedy or relief. The Commission in denying her petition was correct.