THOMAS L. FREGEAU, Appellee, v. GENERAL FOODS CORPORATION, Appellant.

Third District   No. 3—91—0082

Opinion filed January 9, 1992.

Gregory E. Ahern and Arthur O. Kane, both of Kane, Doy & Harrington, Ltd., of Chicago, for appellant.

Christopher W. Bohlen, of Blanke, Norden, Barmann, Kramer & Bohlen, P.C., of Kankakee, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff filed a complaint in the circuit court of Kankakee County under section 19(g) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g)), by which he sought $13,700 in statutory interest under section 19(n) of the Act (Ill. Rev. Stat. 1989, ch.

48, par. 138.19(n)). Upon cross-motions for summary judgment, the circuit court awarded plaintiff the entire amount prayed for and denied defendant's motion for summary judgment. Defendant appeals, contending that the court erred in granting summary judgment because no interest of any sort was ever due on the Industrial Commission's (Commission's) award and, alternatively, plaintiff was not entitled to any interest after he refused defendant's tender of the amount of the Commission award. The only question properly before us is the applicability of section 19(n), whether and for what time period interest was due under section 19(n).

The underlying facts are not in substantial dispute. Following a 1979 industrial accident, an arbitrator, on October 25, 1982, awarded $18,207.11 temporary total disability and $60,575.00 (250 weeks) for permanent partial disability. Defendant petitioned for review by the Commission which, at length, entered an order on July 5, 1985, reducing the amount of permanent disability previously awarded by the arbitrator. This resulted in a net award to plaintiff of $36,345 (150 weeks).

On July 18, 1985, defendant's insurance carrier tendered the full amount of the Commission's award without any interest to plaintiff. Plaintiff rejected this tender and, on July 28, 1985, sought review of the Commission's decision in the circuit court.

The circuit court confirmed the decision of the Commission in its entirety on August 1, 1986. The amount of the Commission's award, again without interest, was again tendered to plaintiff at which time he accepted the tender. Plaintiff, nevertheless, pursued an unsuccessful appeal with this court which affirmed the Commission's decision on July 7, 1987. *Fregeau v. Industrial Comm'n* (1987), 158 Ill. App. 3d 1102 (unpublished order under Supreme Court Rule 23).

On December 15, 1988, plaintiff filed the present action at law against defendant contending he was entitled to $13,700 in section 19(n) interest, which had never been paid on the award. The complaint did not describe the manner in which this figure was calculated, and neither of the parties in their briefs or before us on oral argument could demonstrate the basis for this dollar amount. No alternative grounds for recovery were alleged. Cross-motions for summary judgments were filed. Without explication, the circuit court granted plaintiff's motion for summary judgment and awarded him $13,700. Defendant appeals.

Defendant initially contends that section 19(n) as it existed in 1981 applies to this case because the 1981 version of the statute was

in effect on the date of the arbitrator's decision. Former section 19(n) provided:

"All decisions of the Industrial Commission confirming or increasing an award entered by an arbitrator of the Commission shall bear interest at the rate of 6% per annum from the date of the arbitrator's award on all compensation accrued." Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n).

Because the Commission reduced the arbitrator's award in this case, defendant reasons, plaintiff was never entitled to any interest of any sort. This argument is without merit.

■ As plaintiff correctly argues, the date of the arbitrator's decision is not material. Rather, it is the date of the Commission's decision, in this case July 5, 1985, which controls. As amended, section 19(n) provides:

"After June 30, 1984, decisions of the Industrial Commission reviewing an award of an arbitrator of the Commission shall draw interest at a rate equal to the yield on indebtedness issued by the United States Government with a 26-week maturity next previously auctioned on the day on which the decision is filed. Said rate of interest shall be set forth in the Arbitrator's Decision. *Interest shall be drawn from the date of the arbitrator's award on all accrued compensation due the employee through the day prior to the date of payments.* However, when an employee appeals an award of an Arbitrator or the Commission, and the appeal results in no change or a decrease in the award, interest shall not further accrue from the date of such appeal." (Emphasis added.) Ill. Rev. Stat., 1984 Supp., ch. 48, par. 138.19(n), as amended by Pub. Act 83—1125, eff. June 30, 1984 (1984 Ill. Laws 212, 250).

On its face, the amended version of the statute speaks specifically of decisions of the Commission without reference to decisions of the arbitrator or the date upon which a petition for review from a decision of the arbitrator was filed. Because the Commission's decision postdates the effective date of the statutory amendment, the 1981 version of section 19(n) does not apply.

Defendant's reliance on *Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 498 N.E.2d 240, is misplaced. In that case, the decisions of both the arbitrator and Commission antedated the amendment. In addition, the Commission's failure to affirmatively provide for interest in its decision is also not material. Defendant cites no authority for the proposition that the failure of the Commission to affirmatively state that interest is due on an award prevents a plaintiff

from subsequently asserting a right to statutory interest granted him by section 19(n).

Defendant also contends that no interest is due because plaintiff refused defendant's full tender of the amount of the Commission award due claimant within two weeks after the Commission's decision was entered. This argument is without merit.

■ Although the parties are in dispute as to whether all amounts awarded by the arbitrator accrued prior to the arbitrator's decision, they agree that a substantial portion of the award ultimately affirmed by the Commission had so accrued. Under the applicable version of section 19(n), interest was due on all awarded amounts which accrued at the time of the arbitrator's decision and continued in the absence of an appeal by the employee until the date of tender. Interest was due claimant from the date of the arbitrator's decision to the date of tender, irrespective of the fact that the Commission ultimately reduced the arbitrator's award. This is so because it was defendant who sought review of the arbitrator's award, not plaintiff.

Thus, since the tender made by defendant after the Commission's decision included absolutely no interest, it was insufficient and claimant had an unlimited right to refuse to accept the offer because it did not satisfy the entire judgment including interest then due him. (*Aper v. National Union Electric Corp.* (1988), 177 Ill. App. 3d 118, 533 N.E.2d 398.) Although defendant argues that plaintiff allegedly refused the tender for reasons other than the fact that no interest was included in the amount offered, the basis for refusal is immaterial because a judgment creditor is entitled to reject any insufficient tender. See *Illini FS, Inc. v. Myerscough* (1985), 137 Ill. App. 3d 861, 484 N.E.2d 1385.

Having found that interest was due and that defendant's tender was insufficient, we conclude plaintiff was entitled to interest under the express terms of section 19(n) from the date of the arbitrator's award through July 28, 1985, the date plaintiff sought review of the Commission's decision in the circuit court.

■ Plaintiff, nevertheless, seeks to avoid our interpretation of the Act by arguing that since he only appealed the "Commission's review of the arbitrator's award and not the original award itself," interest under section 19(n) did not stop accruing when he sought review in the circuit court. This argument is without merit. It is the Commission which has original, not appellate, jurisdiction. As a matter of law, it was the Commission's decision from which review was sought by plaintiff, not that of the arbitrator.

The question remains as to the proper disposition of this appeal. On the one hand, defendant has taken what amounts to an all-or-nothing approach, *i.e.*, no interest was ever due. On the other hand, plaintiff admitted at oral argument that the time frame used in calculating the amount of interest allegedly due was most probably the interval between the arbitrator's decision and the date plaintiff accepted defendant's tender.

The order granting summary judgment cannot stand. Section 19(n) interest is self-executing. It should not be necessary to remand for mathematical calculations. Since temporary total benefits were paid by respondent prior to the arbitrator's decision, they are not at issue and we consider only interest with respect to permanent partial disability benefits. On remand, the plaintiff is entitled to section 19(n) interest on all permanent partial disability which accrued prior to the arbitrator's decision (as affirmed by the Commission, *i.e.*, 75$\frac{1}{7}$ weeks, $18,207.11) from the date of the arbitrator's award through the date claimant sought review in the circuit court. See *Folks v. Hurlbert's Wholesale Siding & Roofing, Inc.* (1981), 93 Ill. App. 3d 19, 416 N.E.2d 745; *Ballard v. Industrial Comm'n* (1988), 172 Ill. App. 3d 41, 526 N.E.2d 675.

Section 19(n) interest is not allowed on payments which accrue after the arbitrator's award. *Folks*, 93 Ill. App. 3d 19, 416 N.E.2d 745; *Ballard*, 172 Ill. App. 3d 41, 526 N.E.2d 675; *United States Steel Corp. v. Industrial Comm'n* (1985), 133 Ill. App. 3d 811, 478 N.E.2d 1108; *Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d 87, 513 N.E.2d 1045.

For the foregoing reasons, the judgment of the Kankakee County circuit court is reversed and remanded with directions.

Reversed and remanded with directions.

RAKOWSKI, WOODWARD, STOUDER, and LEWIS, JJ., concur.