(No. 47685.—

R. ADELE WIRTH, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Lawlor Industries, Inc., Appellee.)

*Opinion filed March 29, 1976.—Rehearing denied May 27, 1976.*

238

Jack Ring, Ltd., of Chicago, for appellant.

Wiedner & McAuliffe, of Chicago, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, R. Adele Wirth, wife of Frank E. Wirth, deceased, filed an application for adjustment of claim for workmen's compensation because of the death of her

husband while he was employed by respondent Lawlor Industries, Inc. An arbitrator for the Industrial Commission rendered a decision awarding petitioner compensation. On review the Industrial Commission set aside the arbitrator's decision and denied her compensation. On *certiorari* the circuit court confirmed the Commission's decision. Petitioner appealed and this court reversed the judgment of the circuit court and remanded the cause "for the entry of a judgment based on the arbitrator's award." 57 Ill.2d 475, 481.

On remand petitioner moved for "entry of judgment and for other relief" and argued that under the provisions of section 19(g) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(g)) she was entitled to interest from October 8, 1970, the date of the arbitrator's award, and attorney fees. The circuit court denied her request for attorney fees but awarded her interest from July 8, 1974, the date of this court's mandate. Petitioner appealed. Rule 302(a).

Petitioner contends that under the provisions of section 3 of the Interest Act (Ill. Rev. Stat. 1973, ch. 74, par. 3) interest accrued from the date of the arbitrator's decision, or alternatively, from the date on which it was set aside by the Industrial Commission. Respondent concedes that under *Proctor Community Hospital v. Industrial Com.*, 50 Ill.2d 7, interest would accrue on an award based on a decision of the Industrial Commission, but contends that the decision of the arbitrator is "merely advisory"; that in reviewing the arbitrator's decision the Industrial Commission exercised original and not appellate jurisdiction; and that, because the arbitrator's decision was set aside, no award within the contemplation of section 3 of the Interest Act existed until this court issued its mandate.

Section 3 of the Interest Act provided:

"Judgments recovered before any court or magistrate shall draw interest at the rate of 6% per annum from the

date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment. However, that the judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, writ of error, or other steps to reverse, vacate or modify the judgment." Ill. Rev. Stat. 1973, ch. 74, par. 3.

The Workmen's Compensation Act, in pertinent part, provided:

"The decision of the Arbitrator *** shall be filed with the Commission which Commission shall immediately send to each party or his attorney a copy of such decision, together with a notification of the time when it was filed. Unless a petition for review is filed by either party within 15 days after the receipt by such party of the copy of the decision and notification of time when filed, and unless such party petitioning for a review shall within 20 days after the receipt by him of the copy of the decision, file with the Commission either an agreed statement of the facts appearing upon the hearing before the Arbitrator *** or if such party shall so elect a correct transcript of evidence of the proceedings at such hearings, then the decision shall become the decision of the Commission and in the absence of fraud shall be conclusive." Ill. Rev. Stat. 1973, ch. 48, par. 138.19(b).

This court has held that under section 3 of the Interest Act, interest accrued on an arbitrator's award (other than in a workmen's compensation case) from the date of its filing (*Darst v. Collier*, 86 Ill. 96), upon the amount found to be due in the report of a master in chancery from the date of the report (*Ruddy v. McDonald*, 244 Ill. 494) and on a jury verdict from the date of the verdict (*Commissioners of Lincoln Park v. Schmidt*, 379 Ill. 130). This court has also held that interest accrued from the date of verdict (*Gnat v. Richardson*, 378 Ill. 626), and on an award based on the decision of the Industrial Commission from the date of the award (*Proctor*

*Community Hospital v. Industrial Com.,* 50 Ill.2d 7), notwithstanding that at an intermediate level of review they were overturned and on further review reinstated. Although the award of an arbitrator for the Industrial Commission is in many respects similar to the report of a master in chancery, little guidance is to be found in the cases involving the reports of masters, set aside in whole or in part by the chancellor, for the reason that "[t]he rule followed in equity is to allow interest where warranted by equitable considerations, but where such allowance does not comport with justice and equity it may be disallowed." *McKey v. McCoid,* 298 Ill. 566, 572.

Respondent correctly contends that in its review of the arbitrator's decision the Industrial Commission exercised original rather than appellate jurisdiction and was not bound by his findings. (*Meade v. Industrial Com.,* 48 Ill.2d 215.) Section 19(b) of the Workmen's Compensation Act, however, explicitly provides that unless reviewed, the arbitrator's decision "shall become the decision of the Commission." (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(b).) In view of that provision we find no basis for excluding from the term "award," contained in section 3 of the Interest Act, the award based on the decision of an arbitrator for the Industrial Commission. We hold, therefore, that interest accrued from the date of the filing of the arbitrator's decision.

We consider next the question whether the circuit court erred in denying petitioner attorney fees. The Workmen's Compensation Act provided:

> "In case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered, which judgment and costs taxed as therein provided shall, until and unless set aside, have the same effect as though duly rendered in an

action duly tried and determined by the court, and shall with like effect, be entered and docketed. The Circuit Court shall have power at any time upon application to make any such judgment conform to any modification required by any subsequent decision of the Supreme Court upon appeal, or as the result of any subsequent proceedings for review, as provided in this Act." Ill. Rev. Stat. 1973, ch. 48, par. 138.19(g).

It appears from the briefs that tender was made of the full amount of the award within 60 days of issuance of this court's mandate. Our examination of the record leads us to conclude that the delay resulted from the dispute concerning respondent's liability for interest and not from a refusal to pay compensation within the contemplation of section 19(g) of the Workmen's Compensation Act. We hold, therefore, that the circuit court did not err in denying petitioner attorney fees.

For the reasons stated the judgment of the circuit court of Cook County is reversed and the cause is remanded with directions to enter judgment in accordance with this opinion.

*Reversed and remanded,*
*with directions.*