MARJORIE BIGGERSTAFF, Appellant, v. THE INDUSTRIAL COMMIS-
SION *et al.* (Bee Hill Drilling Company, Appellee).

First District (Industrial Commission Division)   No. 1—91—1454WC

Opinion filed January 17, 1992.—Rehearing denied September 21, 1992.

Serkland & Muelhausen, of Chicago (James C. Serkland, of counsel), for
appellant.

Evans & Dixon, of St. Louis, Missouri (Edward M. Vokoun, of counsel),
for appellee.

JUSTICE LEWIS delivered the opinion of the court:

The claimant, Marjorie Biggerstaff, appeals from the judgment of
the circuit court denying her petition for sanctions sought pursuant to
section 19(g) of the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch.
48, par. 138.19(g)) (hereafter referred to as the Act). Specifically, she
sought from the employer, Bee Hill Drilling Company, attorney fees in-
curred before the Illinois Industrial Commission (hereafter referred to
as the Commission) in the amount of $16,449.16, costs incurred before
the Commission in the amount of $2,431.76, and attorney fees incurred
in the proceedings before the circuit court in the amount of $1,000. The
circuit court found that "in the present case, there is a *bona fide* dispute
as to the method of assessing interest. Equally important, no willful,
vexatious or unreasonable delay of payment occurred in the amount

due." The circuit court determined that sanctions under section 19(g) are inapplicable here "since there was neither a refusal to pay compensation without a *bona fide* dispute, nor an underpayment of the accrued amount without a *bona fide* dispute."

Following a hearing on June 14, 1984, the arbitrator concluded in a decision entered on October 22, 1984, that the employer was operating under and subject to the provisions of the Act on February 9, 1983, when its employee, John William Biggerstaff, the claimant's son, sustained accidental injuries in Indiana causing his death. Having resolved the jurisdictional question raised by the employer in favor of the claimant, the arbitrator determined further that the claimant was dependent upon the decedent for her support. The arbitrator awarded to the claimant the sum of $225.95 per week until the sum of $250,000 has been paid or until the period of 20 years has passed, whichever is greater.

Upon review, in a decision dated August 14, 1986, the Commission found that the contract of hire between the employer and the decedent was entered into in Illinois, but it modified the decision of the arbitrator. The Commission found that the claimant failed to prove she was dependent upon the decedent for in excess of 50% of her total support and found that she was 50% dependent upon the decedent.

Upon review the circuit court set aside the decision of the Commission, ruling in part that the Commission's finding that the contract of hire was entered into in Illinois was contrary to the law and against the manifest weight of the evidence.

Upon further review, in *Biggerstaff v. Industrial Comm'n* (1988), 171 Ill. App. 3d 845, 525 N.E.2d 1000, this court reversed both the circuit court's determination that Illinois lacked jurisdiction over the claim and the Commission's determination of partial dependency. Because, this court said, the evidence supported only an award of total dependency, the cause was remanded to the Commission with directions to enter an award of total-dependency benefits.

In a decision on remand dated October 13, 1989, the Commission affirmed the decision of the arbitrator dated October 22, 1984, and ordered the employer to pay interest under section 19(n) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(n)).

Thereafter, in an application for judgment pursuant to section 19(g) filed on November 29, 1989, the claimant alleged that the sum of $81,122.99 was due and owing on November 3, 1989, as the "total compensation and burial benefit" and that the total amount of interest due on the award as of November 3, 1989, was $21,663.43. The claimant alleged further that, "[b]ased on the foregoing, as of November 3, 1989, $102,786.42 was due and owing, against which defendant tendered

$88,073.97, or $14,712.45 less than their [sic] liability." As has been stated, the claimant sought as well attorney fees and costs pursuant to section 19(g) of the Act.

In a 21-page judgment entered on April 1, 1991, the circuit court noted in its statement of facts that

"[o]n December 21, 1989, an additional payment of $14,712.45 was issued by [the employer] to [claimant]. To date, periodic payments are being made by [the employer] consistent with the Commission's October 13, 1989[,] decision.

By [claimant's] own calculations, as of the date of this motion [sic], [the employer] has made full payment of accrued benefits and interest pursuant to the Commission's award."

The claimant does not refute these facts as stated by the circuit court and in her brief to that court recites that on December 21, 1989, the employer tendered $14,712.45. The circuit court said further that, "[a]t this point, the only issues in dispute are 1) [claimant's] entitlement to a judgment for the unpaid weekly benefits which have fallen due since November 3, 1989[,] [(apparently through November 29, 1989)] and 2) sanctions as provided by Section 19(g)." The trial court described the issue concerning sanctions as

"[w]hether [the employer] can be held liable for penalties and attorneys fees, pursuant to Section 19(g) of the Act, even though, at the time of original tender, all accrued compensation was paid and the only dispute which existed between the parties, at the time of the Application for Entry of Judgment, concerned the appropriate calculation of interest."

The circuit court determined that the employer could not be held liable for attorney fees and costs pursuant to section 19(g), noting as follows:

"[The employer's] tender of $88,073.97 to [claimant] on November 3, 1989, did not expose [the employer] to sanctions due to the fact the award was not final until October 13, 1989. The words of Section 19(g) require an award to be final before sanctions can be imposed. A judgment of finality occurs when a lower court issues its judgment pursuant to a mandate (*Thomas v. Durchslag* (1951), [sic] 410 Ill. 363[, 102 N.E.2d 114]).

On October 13, 1989, the Commission issued a decision on remand order wherein the Arbitrator's decision was reinstated and the award became final according to Section 19(f), 20 days after the order. Respondent made a payment of $88,073.97 on November 3, 1989, which included $79,373.00 for payment of accrued compensation from the date of the accident through the date of tender. The balance of the monies represented interest calculated

pursuant to Sections 19(n) and 19(g) of the Act. [(It appears that the balance of the monies represented $1,750.00 paid as the 'burial benefit' and $6,950.98 paid in interest as calculated by the employer.)] On December 21, 1989, 21 days after [claimant's] Application for Entry of Judgment, [the employer] issued an additional payment of $14,712.45. This payment represented full payment of accured [sic] interest pursuant to the Commission's award. Therefore, the only dispute which existed between the parties at the time of the Application for Entry of Judgment concerned the appropriate calculation of interests [sic]."

The dispute, the circuit court concluded, was *bona fide*, concerning the method of assessing interest. The circuit court denied the application for sanctions pursuant to section 19(g) and entered judgment for the unpaid weekly benefits that had become due since November 3, 1989. No issue with regard to those benefits is raised in this appeal.

The sole issue presented for review by the claimant is whether she is entitled to attorney fees and expenses pursuant to section 19(g). The respondent has brought no cross-appeal.

■ Section 19(g) of the Act provides in relevant part as follows:

"Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith. In a case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorneys fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered, which judgment and costs taxed as therein provided shall, until and unless set aside, have the same effect as though duly entered in an action duly tried and determined by the court, and shall with like effect, be entered and docketed." Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g).

The claimant states in her brief that "[t]he Employer-Defendant contended they [sic] owed less than $21,663.43 in interest and that [claimant] used the wrong formula to compute interest due." The claimant does not, she says, disagree that a *bona fide* dispute as to one's lia-

bility would exempt the employer from a judgment for attorney fees and costs. She denies, however, that the dispute was *bona fide*.

The employer points to the change in section 19(n) effected during the pendency of these proceedings and contends here, as it maintained in the trial court, that "the post-June 30, 1984[,] interest provision can be interpreted as failing to provide for annual interest because it does not use the words 'per annum' as specifically set forth in the pre-June 20, 1984[,] provision." Until June 30, 1984, section 19(n) provided as follows:

> "All decisions of the Industrial Commission confirming or increasing an award entered by an arbitrator of the Commission shall bear interest at the rate of 6% *per annum* from the date of the arbitrator's award on all compensation accrued. However, the employer or his insurance carrier may tender the payments due under the award to stop the further accrual of interest on such award notwithstanding the prosecution by either party of review, certiorari, appeal to the Supreme Court or other steps to reverse, vacate or modify the award." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(n).)

Thereafter, section 19(n) was modified to provide:

> "After June 30, 1984, decisions of the Industrial Commission reviewing an award of an arbitrator of the Commission shall draw interest at a rate equal to the yield on indebtedness issued by the United States Government with a 26-week maturity next previously auctioned on the day on which the decision is filed. Said rate of interest shall be set forth in the Arbitrator's Decision. Interest shall be drawn from the date of the arbitrator's award on all accrued compensation due the employee through the day prior to the date of payments. However, when an employee appeals an award of an Arbitrator or the Commission, and the appeal results in no change or a decrease in the award, interest shall not further accrue from the date of such appeal.
>
> The employer or his insurance carrier may tender the payments due under the award to stop the further accrual of interest on such award notwithstanding the prosecution by either party of review, certiorari, appeal to the Supreme Court or other steps to reverse, vacate or modify the award." (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(n).)

Relying upon principles of statutory construction, the employer argues that

> "the legislature deliberately intended to change the way interest is calculated under Section 19(n), especially considering that the

statutory language was so drastically changed. The rules of statutory construction further support the [employer's] interpretation that it can be assumed the word [*sic*] 'per annum' was deliberately stricken and therefore it was the legislature's intent that interest no longer be calculated on an annual basis."

■ *Wirth v. Industrial Comm'n* (1976), 63 Ill. 2d 237, 347 N.E.2d 136, appears to be essentially indistinguishable from the instant case. In *Wirth*, tender was made of the full amount of the award within 60 days of the issuance of the supreme court's mandate remanding the cause for entry of a judgment based on the arbitrator's award. The claimant sought attorney fees pursuant to section 19(g) of the Act. Holding that the circuit court did not err in denying such fees, the supreme court stated that its examination of the record in *Wirth* led it to conclude that the delay resulted from the dispute concerning the employer's liability for interest and not from a refusal to pay compensation within the contemplation of section 19(g) of the Act. Similarly, in the instant case, the delay resulted from the dispute concerning the employer's liability for interest and not from a refusal to pay compensation within the contemplation of section 19(g). The circuit court did not err in denying claimant costs and attorney fees pursuant to section 19(g) of the Act.

The employer notes that the circuit court made no determination with regard to the correctness of the employer's interpretation of section 19(n) and asks this court to "make a determination as to the correct interpretation of Section 19(n) as being raised in the context of whether or not a legitimate dispute existed over the amount of interest owing in this case." However, we need make no such determination in order to resolve the question presented to us for review and, therefore, decline the invitation to determine the correct method of calculating interest pursuant to section 19(n) where there is no need to do so.

The judgment of the circuit court is affirmed.

Affirmed.

McCULLOUGH, P.J., and WOODWARD, STOUDER, and EGAN, JJ., concur.