EARL McGEE, Plaintiff-Appellant, v. RACTIAN CONSTRUCTION COMPANY, Defendant-Appellee.

Fourth District No. 4—91—0968

Opinion filed July 9, 1992.

Patrick James Smith, of Delano Law Offices, P.C., of Springfield, for appellant.

William J. Thomas, of Henry D. Noetzel & Associates, Ltd., of Peoria, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Earl McGee appeals from an order of the circuit court of Sangamon County entering judgment in his favor against defendant Ractian Construction Company, but denying plaintiff's requested relief of attorney fees and costs. Plaintiff had sued defendant to obtain a judgment based on the failure of defendant to tender payment under a decision of the Illinois Industrial Commission (Commission) with re-

gard to a workers' compensation claim. The only issue raised on review by plaintiff is whether the circuit court erred in refusing to award attorney fees and costs. Defendant raises the additional issue of whether the circuit court had subject-matter jurisdiction to consider the cause. We find the circuit court did have subject-matter jurisdiction, and we affirm the judgment of the circuit court.

On May 6, 1991, the Commission entered a decision affirming the arbitrator's award. (*McGee v. Ractian Construction Co.* (1991), 91 Ill. Ind. Comm'n 975.) In addition to affirming the June 26, 1990, arbitrator's decision, the Commission further ordered that defendant pay interest under section 19(n) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(n)), and provided that defendant receive a credit for any sums paid to or on behalf of plaintiff on account of the accidental injury. Neither the arbitrator nor the Commission determined the rate to be applied. Section 19(n) states:

> "After June 30, 1984, decisions of the Industrial Commission reviewing an award of an arbitrator of the Commission shall draw interest at a rate equal to the yield on indebtedness issued by the United States Government with a 26-week maturity next previously auctioned on the day on which the decision is filed. Said rate of interest shall be set forth in the Arbitrator's Decision. Interest shall be drawn from the date of the arbitrator's award on all accrued compensation due the employee through the day prior to the date of payments. However, when an employee appeals an award of an Arbitrator or the Commission, and the appeal results in no change or a decrease in the award, interest shall not further accrue from the date of such appeal.
>
> The employer or his insurance carrier may tender the payments due under the award to stop the further accrual of interest on such award notwithstanding the prosecution by either party of review, certiorari, appeal to the Supreme Court or other steps to reverse, vacate or modify the award." Ill. Rev. Stat. 1989, ch. 48, par. 138.19(n).

The June 26, 1990, decision of the arbitrator held defendant liable to plaintiff for the following: (1) temporary total disability benefits of $400 per week for 217 weeks, with credit for $69,600 paid on account of the injury; (2) permanent total disability benefits of $400 per week beginning February 20, 1990; and (3) $5,649.44 for necessary medical and rehabilitation expenses. Defendant did not seek judicial review of the Commission's decision. Plaintiff's petition recited that defendant

had not sought judicial review "within the 20 days as required by law."

On July 22, 1991, plaintiff filed the petition for application for entry of judgment herein pursuant to section 19(g) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g)). Section 19(g) provides:

"Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith. In a case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered, which judgment and costs taxed as therein provided shall, until and unless set aside, have the same effect as though duly entered in an action duly tried and determined by the court, and shall with like effect, be entered and docketed. The Circuit Court shall have power at any time upon application to make any such judgment conform to any modification required by any subsequent decision of the Supreme Court upon appeal, or as the result of any subsequent proceedings for review, as provided in this Act.

Judgment shall not be entered until 15 days' notice of the time and place of the application for the entry of judgment shall be served upon the employer by filing such notice with the Commission, which Commission shall, in case it has on file the address of the employer or the name and address of its agent upon whom notices may be served, immediately send a copy of the notice to the employer or such designated agent." (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g).)

Plaintiff also requested the court to order defendant to pay a 50% penalty for unreasonable and vexatious delay and a $10-per-day penalty from May 20, 1991, for failure to pay within 14 days following the Commission's affirmance of the arbitrator's decision. (See Ill. Rev. Stat. 1989, ch. 48, pars. 138.19(k), (l).) In addition to the penalties, the petition prayed the judgment include the following: $22,849.44 as and

for the arbitrator's award; $25,369.89 as attorney fees, representing 20% of the amount awarded to date plus the first five years of permanency payments; $2,386.80 as costs; and interest calculated at the rate of 7.67% on the award from the date of arbitration to the date of judgment and on the accrued weekly permanency award until paid. Plaintiff admits in his brief that he subsequently withdrew his demands for penalties under sections 19(k), 19(l), and 16 of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.16). Section 16 allows for the assessment of attorney fees and costs in the event a finding is made of unreasonable or vexatious delay, intentional underpayment of benefits, or engaging in frivolous defenses within the purview of section 19(k). Ill. Rev. Stat. 1989, ch. 48, par. 138.16.

In her memorandum of decision, the circuit judge advised the parties of the reasons for her decision with regard to attorney fees and costs as follows:

"I am of the opinion that since Plaintiff made no demand for payment before filing his petition and since Defendant made a nearly complete tender of the amount owed eight days after suit was filed, and since there could be some confusion about the calculation of interest, no attorney fees and costs should be awarded. The Court will enter judgment for Plaintiff and against Defendant for the amounts of the awards plus interest to the date of December 2, 1991."

■ The first issue to address is whether the circuit court had subject-matter jurisdiction. Just as jurisdiction to judicially review the Commission's decision may be invoked only upon strict compliance with the Act, which provides a purely statutory remedy (*American Steel Foundries v. Industrial Comm'n* (1983), 96 Ill. 2d 513, 518-19, 451 N.E.2d 883, 885-86), strict compliance with the Act must also be had in order to invoke the circuit court's jurisdiction to enter a judgment pursuant to section 19(g). (*Evans v. Corporate Services* (1990), 207 Ill. App. 3d 297, 302, 565 N.E.2d 724, 728.) In arguing lack of subject-matter jurisdiction, defendant relies on the section 19(g) requirement that the decision of the Commission be final and the section 19(f)(1) provision that a proceeding for review of a Commission decision "shall be commenced within 20 days of the receipt of notice of the decision of the Commission." (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(f)(1); see also *Perusky v. Industrial Comm'n* (1978), 72 Ill. 2d 299, 300-02, 381 N.E.2d 270, 271-72.) It is defendant's argument that plaintiff did not allege when defendant received the notice of the decision and, therefore, failed to allege the time for review had passed and the Commission decision was final.

■ We reject this argument for three reasons. First, defendant's pleadings in the circuit court supply the missing information and refute the argument. In defendant's request for admission of facts filed October 9, 1991, defendant recited that it received the Commission decision on May 13, 1991, so that the decision became final on June 3, 1991. The first paragraph of defendant's brief in the circuit court states the same facts and is supported by an exhibit, being a photocopy of the Commission decision stamped "RECEIVED MAY 13, 1991." Since plaintiff's section 19(g) petition was filed in the circuit court on July 22, 1991, the Commission decision was then final, and the circuit court had subject-matter jurisdiction, provided of course no appeal had been taken in the statutorily allotted time. Second, plaintiff's petition alleged "[t]hat said award was not appealed within the 20 days as required by law and therefore, such decision of the Industrial Commission has become final." Since defendant has not explicitly denied this allegation, it is admitted. (Ill. Rev. Stat. 1989, ch. 110, par. 2—610(b).) Furthermore, the only responsive pleading defendant filed in the circuit court was a motion to dismiss, which did not challenge the allegation of finality of the Commission decision. In considering a motion to dismiss, with the exception of allegations of damages, all well-pleaded facts alleged in the attacked pleading are taken as true. (*City of Marshall v. City of Casey* (1989), 177 Ill. App. 3d 1065, 1069, 532 N.E.2d 1121, 1123.) The third reason for refusing to accept defendant's argument is that, ordinarily, the plaintiff would not know when defendant received notice of the Commission decision. It would be unfair to place on plaintiff the burden of alleging a fact he is incapable of knowing. Therefore, if defendant is aware of facts which demonstrate that the circuit court is without subject-matter jurisdiction, defendant should file a motion to dismiss pursuant to section 2—619(a)(1) of the Illinois Code of Civil Procedure supported by affidavit in order to bring these facts to the trial court's attention. Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(1).

■ As for the question of attorney fees and costs, we note that the courts are not required to award such costs in every section 19(g) case. (*Wirth v. Industrial Comm'n* (1976), 63 Ill. 2d 237, 241-42, 347 N.E.2d 136, 138; *Evans*, 207 Ill. App. 3d at 303, 565 N.E.2d at 728-29.)

> "However, the statute itself gives no authority to allow reasonable attorney fees and costs to be taxed against the party owing compensation unless that party *refuses* to pay the compensation, or some installment thereof, when it becomes due. *McMurray v. Peabody Coal Co.* (1917), 281 Ill. 218, 224, 226;

see also *Board of Education*, 308 Ill. at 451; *Franklin*, 5 Ill. App. 3d at 735." (Emphasis in original.) *Evans*, 207 Ill. App. 3d at 303, 565 N.E.2d at 728-29.

One of the reasons argued by defendant, and relied on by the circuit court, for not imposing such attorney fees and costs in the case at bar is the fact that plaintiff never made a demand for payment. In affirming the circuit court, this court does not hold that a demand must be made in every case before an award of attorney fees and costs may be made, and clearly a demand is not a prerequisite to filing a section 19(g) petition in the circuit court. Instead, the presence or absence of a demand is one factor to be considered by the circuit court in assessing the unreasonableness of the failure to pay on the part of defendant. Other relevant factors to consider include, but are not limited to, the length of time which transpired between the date the Commission decision became final and the date of filing the section 19(g) petition in the circuit court; the negotiations and communications between the parties which took place during that period; whether the decision of the Commission leaves room for good-faith disagreement as to the amount of the payments owed by defendant, such as in this case where the arbitrator and Commission failed to designate the rate of section 19(n) interest and the *per diem* accrual rate of interest as to each portion of the award; and whether and when defendant made a good-faith offer of settlement.

■ In this case, the decision of the Commission became final on June 3, 1991. Plaintiff filed his section 19(g) petition on July 22, 1991. The record does not disclose what, if any, communications took place between the parties from June 3 to July 22, 1991. However, based on the defendant's request to admit facts, which was not denied, the record discloses that on July 26, 1991, plaintiff's attorney sent a letter to defendant's attorney returning two checks in the total amount of $26,162.88 which had been tendered in settlement of the award. He asked for full payment in accordance with the section 19(g) petition. In an August 1, 1991, letter from plaintiff's attorney sent by facsimile transmission to defendant's attorney, it was stated, "I have not completed computation of the amount due under the award." However, he disagreed with defendant's computation because it failed to include attorney fees and penalties. Defendant had tendered a check dated July 30, 1991, in the amount of $56,369.09 and this was returned by plaintiff's counsel. In a letter dated August 7, 1991, plaintiff sought payment of $103,250.27. However, at the September 5, 1991, hearing, plaintiff withdrew his demand for attorney fees pursuant to section 16 and penalties under sections 19(k) and 19(l). At that hearing, plaintiff

submitted a document entitled "Computation of Judgment" which represented a revised demand totalling $86,600.87. On September 6, 1991, plaintiff's attorney sent another letter by facsimile transmission revising the demand to $72,288.92, including a demand for attorney fees and costs totalling $14,455.54. Prior to the entry of judgment in the circuit court, there was filed an interim statement of additional attorney fees of $1,820.

In her memorandum of decision, the circuit judge specifically found that on July 30, 1991, defendant owed plaintiff $56,708.37, and on that date, defendant tendered $56,369.09, an amount $339.28 short of what was owed. These findings are not in dispute in this appeal. As already noted, the circuit court relied on the facts that there was a "nearly complete tender" and there "could be some confusion about the calculation of interest" to deny attorney fees and costs.

In *Wirth*, a delay resulting from a dispute as to liability for interest was considered to be not a refusal to pay the compensation within the meaning of the Act and did not warrant ordering a section 19(g) defendant to pay attorney fees. (*Wirth*, 63 Ill. 2d at 241-42, 347 N.E.2d at 138.) In *Evans*, the Commission decision became final on July 24, 1989, and the section 19(g) petition was filed on August 15, 1989. At the time the petition was filed, the award had not yet been paid, but it was uncontested that the award was paid in full in August 1989, before the hearing was had. On those facts, the denial of attorney fees was approved, although we recognize the discussion in *Evans* was *dicta*. (*Evans*, 207 Ill. App. 3d at 299, 303-04, 565 N.E.2d at 726, 728-29.) Similarly, in *Poe v. Industrial Comm'n* (1992), 230 Ill. App. 3d 1, 11, the refusal to grant attorney fees and costs was upheld where there was a dispute as to the amount of interest owed.

In *Poe*, the interest in dispute amounted to $503.36. In the present case, the difference between the tender and the actual amount owed including interest was $339.28. To allow plaintiff to recover $16,275.54 in costs and attorney fees because of a dispute over $339.28 would be a harsh and unconscionable result which was not contemplated by the statute. On the other hand, we recognize that the purpose of the Act is to protect injured employees, and their dependents, by providing a prompt, sure remedy for injuries and requiring that industry, rather than the individual, bear the cost of individual accidents. (*Mier v. Staley* (1975), 28 Ill. App. 3d 373, 379, 329 N.E.2d 1, 6.) To the extent that employers do not promptly pay awards, violence is done to the purposes of the Act. Therefore, where an unreasonable failure to pay has been demonstrated, a minor

dispute over the calculation of interest may not avoid the imposition of attorney fees and costs.

 Finally, under section 19(n) of the Act, the arbitrator has a mandatory, statutory duty to set the rate of interest. Had the arbitrator's decision or the Commission's decision set forth the rate of interest under section 19(n), and the amount of interest to accrue on a *per diem* basis on each portion of the awards provided therein, the employer would not be able to raise a dispute as to the amount of interest accruing as a defense for failing to promptly pay. Although the Commission has a duty to set forth the rate of interest, the dispute over the calculation of interest was, to some extent, caused by the failure of plaintiff to request the arbitrator or the Commission to specify the interest in their respective decisions, or for the Commission to subsequently set the interest rate. See *Hughes v. Industrial Comm'n* (1990), 196 Ill. App. 3d 143, 144-46, 553 N.E.2d 113, 113-14.

Accordingly, the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.