JOHN M. BETTIS, Plaintiff-Appellant, v. OSCAR MAYER FOODS CORPORATION, Defendant-Appellee.

Fourth District   No. 4—92—0741

Opinion filed March 30, 1993.

Willoughby & Latshaw, P.C., of Decatur (Richard A. Hopkins, of counsel), for appellant.

Rammelkamp, Bradney, Dahman, Kuster, Keaton, Fritsche & Lindsay, P.C., of Jacksonville (Nancy Lindsay, of counsel), for appellee.

JUSTICE LUND delivered the opinion of the court:

Plaintiff sought a workers' compensation award as a result of carpal tunnel syndrome and received an award of 15% of the loss of the use of each hand, resulting in an order of $282.25 per week for 57 weeks ($16,088.25). This was an award for permanent partial disability. The Industrial Commission (Commission) also provided that defendant should have a $6,207.04 credit under section 8(j) of the Illinois Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.8(j)). Defendant unsuccessfully sought relief in the circuit court and the appellate court (*Oscar Mayer Foods Corp. v. Industrial Comm'n* (4th Dist. 1992), No. 4—91—0396WC (unpublished order under Supreme Court Rule 23)). Plaintiff did not object to the credit in either the circuit court or the appellate court.

No further appeals were possible after May 14, 1992. A check for the award of $16,088.25, less $6,207.04 and plus interest, was not tendered until July 6, 1992. Plaintiff had filed a petition in the circuit court under provisions of section 19(g) of the Act (Ill. Rev. Stat. 1991, ch. 48, par. 138.19(g)) on June 29, 1992. Section 19(g) of the Act provides for judgment to be entered pursuant to the Commission's award in "a case where the employer refuses to pay compensation[.] *** [T]he court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered." Ill. Rev. Stat. 1991, ch. 48, par. 138.19(g).

In the section 19(g) proceedings, plaintiff sought to deny defendant the $6,207.04 credit and sought to recover additional costs provided by the section. The circuit court denied both, holding that it lacked jurisdiction to consider the section 8(j) credit, stating such

would be a collateral attack on the Commission decision and that plaintiff should have raised the issue on direct appeal. As to the costs factor in the section 19(g) petition, the circuit court held that defendant had not refused to pay and the delay in payment was not egregious.

■ There is no question but that credits under section 8(j) of the Act are "to or against any compensation payment for temporary total incapacity." (Ill. Rev. Stat. 1989, ch. 48, par. 138.8(j)(1).) In other words, the $6,207.04 credit could not, as a matter of law, be deducted from the permanent partial disability award of $16,088.25. However, if the Commission clearly entered an erroneous order directing that section 8(j) of the Act credit be made to or against the permanent partial disability award, then that order would be enforceable unless attacked by the plaintiff by direct review. Collateral attack is not possible under section 19(g) of the Act. See *Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 268, 383 N.E.2d 207, 211.

■ Plaintiff was in a position, if aware of the statutory provision limiting the offset, of having reason to believe it was not deductible from the permanent partial disability award. To determine that the Commission had intended to create an improper offset would have required an assumption that the Commission was not aware of its own limitations. Plaintiff was not required to appeal from an order which was not necessarily erroneous.

We conclude the $6,207.04 credit did not, and could not, apply to the $16,088.25 award, and the circuit court could enter judgment under section 19(g) of the Act for the deficiency with interest thereon.

■ As to the section 19(g) costs issue, we conclude the mere filing of a petition under the section, before payment of the award, does not automatically require an award of additional costs. To so hold would render meaningless the provision, "In a case where the employer refuses to pay ***." (Ill. Rev. Stat. 1991, ch. 48, par. 138.19(g).) Our courts have held that a harsh result is not mandated by the Act. (*Evans v. Corporate Services* (1990), 207 Ill. App. 3d 297, 565 N.E.2d 724.) The facts in this case indicate counsel for defendant was obtaining the funds.

We agree with the trial court that the delay was not egregious and do not find its denial of additional costs an abuse of discretion. In so determining, we recognize that the nature of the award of the credit could reasonably lead to opposite conclusions by the opposing counsel. The decision to deny additional costs should be affirmed. See *Wirth v. Industrial Comm'n* (1976), 63 Ill. 2d 237, 241-42, 347 N.E.2d 136, 138.

The circuit court's order granting the motion to dismiss is reversed. The cause is remanded to the circuit court in Cass County for further proceedings consistent with this opinion.

Reversed and remanded.

McCULLOUGH and COOK, JJ., concur.