JACK PONTHIEUX, Plaintiff-Appellant, v. BILLIE V. FERNANDES, d/b/a Fernandes Construction Company, Defendant-Appellee.

Fourth District   No. 4—95—0363

Opinion filed February 29, 1996.

Diane E. Greanias, of Peoria Heights, for appellant.

Kevin L. Elder, of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee.

JUSTICE GARMAN delivered the opinion of the court:

Plaintiff Jack Ponthieux appeals an order of the circuit court of Morgan County denying his request for attorney fees and costs pursuant to a petition for judgment filed by him under section 19(g) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g) (now 820 ILCS 305/19(g) (West 1994))). We reverse and remand.

Plaintiff was injured in September 1987. In October 1988, the insurance carrier for defendant, Billie V. Fernandes, d/b/a Fernandes Construction Company, sent plaintiff a check for temporary total disability (TDD) which inadvertently exceeded the amount owed by approximately $25,000. In April 1989, the arbitrator entered an order granting defendant a credit for the overpayment and suspending all payments to plaintiff until such time as the credit was exhausted. After a hearing in December 1989, the arbitrator issued a decision in which plaintiff was found to be entitled to $299.15 per week for 57 weeks, representing a 30% loss of use of his left hand. The arbitrator found that plaintiff had failed to carry his burden of proof regarding a wage-loss differential award. On June 14, 1991, the Illinois Industrial Commission (Commission) entered a decision on review of the arbitrator's award, finding plaintiff was entitled to TTD benefits in a total amount of $39,689.82, medical benefits of $5,245, and a wage-loss differential award of $332 per week beginning September 1, 1989. Defendant was given credit for $59,407.11 in payments made to plaintiff. Defendant appealed this decision to the circuit court, arguing that plaintiff was not entitled to a wage-loss differential award and, in the alternative, that the amount of the award exceeded the statutory maximum of compensation set forth in section 8(b)(4) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.8(b)(4) (now, as amended, 820 ILCS 305/8(b)(4) (West 1994))), which defendant claimed was $299.15 per week. The circuit court confirmed the Commission's award in its entirety. On further review, this court affirmed the judgment entitling plaintiff to a wage-loss differential award, but reversed and remanded to the Commission to determine whether the amount of the award exceeded the statutory limits. (*Fernandes v. Industrial Comm'n* (1993), 246 Ill. App. 3d 261, 268-69, 615 N.E.2d 1191, 1196-97.) On December 8, 1993, the Commission issued a decision on remand in which it found the amount of the wage-loss differential

award to be limited to $299.15 per week. Plaintiff appealed this decision to the circuit court, where it was confirmed on April 19, 1994. His appeal to this court was voluntarily dismissed on May 25, 1994. *Ponthieux v. Industrial Comm'n* (4th Dist. May 25, 1994), No. 4—94—0399WC (order of dismissal).

Plaintiff's petition for judgment was filed in the circuit court on November 2, 1994. It alleged that on May 25, 1994, his attorney received a check from defendant's insurance carrier in the amount of $59,118.61, the amount of the award after application of defendant's credit. This amount did not include any interest on the award. According to the petition, the amount tendered satisfied in full the amount of compensation due plaintiff. The petition set forth a calculation of interest allegedly due plaintiff under section 2—1303 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1303 (now 735 ILCS 5/2—1303 (West 1994))). According to plaintiff, the total amount of interest due him on the award was $11,923.49. Plaintiff then alleged that he had applied defendant's May 25, 1994, payment first to interest, leaving a balance due on his compensation of $11,923.49, which plaintiff alleged defendant had failed and refused to pay. He further alleged that his arbitration attorney fees and costs should be paid by defendant, as well as his attorney fees and costs incurred in the section 19(g) proceeding in the circuit court.

After the Commission's decision on remand was issued, and prior to the filing of a petition for review in the circuit court, plaintiff's counsel wrote a letter dated December 20, 1993, to defendant's counsel, in which she explained her calculation of interest due on the award in the amount of $11,277.33. On January 10, 1994, defendant's attorney replied to that letter, disputing this calculation and asserting that interest was due only under section 19(n) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(n) (now 820 ILCS 305/19(n) (West 1994))) and accrued from the date of the Commission's decision on remand, amounting to $774.59. The attorney argued in his letter that the Commission's June 14, 1991, decision on review of the arbitrator's decision never became final and that it was the Commission's decision on remand issued on December 8, 1993, which marked the point at which interest began accruing. In a January 21, 1994, letter, plaintiff's attorney replied to that letter, citing legal authority in support of her interest calculation. She argued that due to the existence of the pre-arbitration credit to defendant, section 19(n) of the Act was inapplicable and interest accrued only under section 2—1303 of the Code. The record does not show any response to this letter. In a letter to plaintiff's counsel dated May 23, 1994, a representative of

defendant's insurance carrier sent a check in full payment of the compensation due plaintiff, but noted that no interest was included in the check because of the substantial discrepancy between the parties' interest calculations. The letter noted that wage-loss differential payments would continue to be made.

Plaintiff's counsel replied to the insurance carrier in a letter dated May 31, 1994, in which it was asserted that the payment made by the carrier would be applied first to interest accrued, then to principal. Apparently, between May 31 and November 2, 1994, there was only one attempted contact between the parties' counsel, which consisted of an unreturned telephone call from plaintiff's counsel to defendant's counsel. Plaintiff received no offers from defendant to pay any additional interest prior to the filing of his petition.

The circuit court received briefs from the parties and heard arguments of counsel on March 16, 1995. Counsel for both parties represented to the court that they were in agreement on the method to be used in calculating interest due once the date on which it began to accrue was determined. On April 11, 1995, the circuit court entered an order in which it found that interest under section 2—1303 of the Code began to accrue on the award as of June 14, 1991, the date of the Commission's decision on review. The court also found that plaintiff was entitled to apply the amount paid by defendant in May 1994 to accrued interest first, which left a balance of unpaid compensation. As to sanctions, the court found that "considering all the facts and circumstances of this case," plaintiff was not entitled to attorney fees and costs. The parties ultimately agreed upon an interest figure of $9,555.34 due as of May 23, 1994. The total judgment entered was $10,355.38. Plaintiff filed his notice of appeal to this court on May 2, 1995.

■ Section 19(g) of the Act provides in pertinent part as follows:

"Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith. In a case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment

for the person in whose favor the judgment is entered \*\*\*." Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g) (now 820 ILCS 305/19(g) (West 1994)).

The mere filing of a petition under section 19(g) of the Act does not carry with it an automatic right to an award of attorney fees and costs. (*Bettis v. Oscar Mayer Foods Corp.* (1993), 242 Ill. App. 3d 689, 691, 610 N.E.2d 1354, 1356.) There must be a refusal to pay compensation when it becomes due. (*Evans v. Corporate Services* (1990), 207 Ill. App. 3d 297, 303, 565 N.E.2d 724, 728-29.) Some courts have upheld a refusal to award attorney fees where the failure to pay involved a dispute over interest due on the award. See *Wirth v. Industrial Comm'n* (1976), 63 Ill. 2d 237, 242, 347 N.E.2d 136, 138; *Poe v. Industrial Comm'n* (1992), 230 Ill. App. 3d 1, 11, 595 N.E.2d 593, 599-600; *Aper v. National Union Electric Corp.* (1988), 165 Ill. App. 3d 482, 488, 519 N.E.2d 117, 121.

In *Wirth,* the Commission set aside the arbitrator's award, and this decision was confirmed by the circuit court. On appeal to the supreme court, the circuit court's judgment was reversed and the cause remanded for entry of judgment based upon the arbitrator's award. On remand, petitioner argued she was entitled to interest from the date of the arbitrator's award and attorney fees pursuant to section 19(g) of the Act. The circuit court denied attorney fees and awarded petitioner interest from the date of the supreme court's mandate. On appeal, the supreme court held that petitioner was entitled to interest accrued from the date of the arbitrator's decision. The court held that petitioner was not entitled to attorney fees, noting that tender of the award had been made within 60 days of the court's mandate and that the delay in payment arose from the dispute over respondent's liability for interest and not from a refusal to pay compensation within the contemplation of section 19(g) of the Act. *Wirth,* 63 Ill. 2d at 242, 347 N.E.2d at 138.

Similarly, in *Poe,* a dispute arose between the parties as to when interest began to accrue on the award. In a section 19(g) proceeding, the circuit court entered judgment for claimant, but denied attorney fees. Claimant appealed, contesting the amount of interest awarded and the denial of attorney fees. Prior to the filing of the petition for judgment, the employer had paid the full amount of the award but did not pay interest. Claimant applied a portion of the payment to interest due, thus leaving a balance due on principal, plus additional interest. On appeal, the appellate court accepted the argument that claimant was entitled to apply the insufficient tender first to interest, then to principal. However, in finding no error in the denial of attorney fees to claimant, the court followed the *Wirth* decision in

holding that the delay in payment resulted from a dispute concerning the employer's liability for interest and not from a refusal to pay compensation within the meaning of section 19(g) of the Act. *Poe*, 230 Ill. App. 3d at 11, 595 N.E.2d at 599-600.

In *Aper*, plaintiff filed a section 19(g) proceeding in the circuit court, seeking a judgment for compensation and interest. She also asked for an award of attorney fees. She received a judgment for compensation and some interest, and her request for attorney fees was denied. She appealed, contending she was entitled to additional interest and attorney fees. This court modified the award as to interest and upheld the circuit court's denial of attorney fees. The interest question involved the meaning and application of section 19(n) of the Act and section 2—1303 of the Code, and the court acknowledged the "intricacy" of the problem. After determining that plaintiff was entitled to additional interest, the court addressed the question of attorney fees. It found the fact situation to be analogous to that in *Wirth* and noted the defendant's liability for interest was even more uncertain than it was in *Wirth*. It also noted that the defendant had tendered all compensation due, although it did not pay any interest. On this basis, the court determined that the denial of attorney fees was justified. *Aper*, 165 Ill. App. 3d at 487-88, 519 N.E.2d at 120-21.

Other cases have upheld an award of attorney fees where the dispute was over interest. For example, in *Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d 87, 513 N.E.2d 1045, the employee was awarded compensation. The Commission's decision was set aside in part and affirmed in part by the appellate court. The employer paid the compensation in full, but refused to pay any interest. The employee then filed a section 19(g) proceeding, seeking interest on the award. The circuit court entered a judgment for interest under section 2—1303 of the Code and awarded attorney fees to the employee. On appeal, the employer argued that the employee was not entitled to interest. The appellate court determined that the employee was entitled to interest and affirmed the circuit court's judgment. There was no discussion of the attorney fees awarded, although the appellate court's decision had the effect of upholding that award. *Bray*, 161 Ill. App. 3d at 95, 513 N.E.2d at 1050.

In *Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 498 N.E.2d 240, after various appeals, the employee rejected a tender from the employer that included all compensation due, without any interest. She filed a section 19(g) proceeding in which she sought interest and attorney fees. The circuit court awarded interest and attorney fees for the section 19(g) proceeding, but denied attorney fees for the arbitration proceeding through the first appeal. She appealed,

and the appellate court found that she was entitled to the additional interest. In regard to the attorney fees, the court noted that on more than one occasion the employer had tendered an amount of money which it acknowledged to be insufficient. Since an insufficient tender without a *bona fide* dispute as to the amount owed may be treated as no tender at all, the court found that the employer had engaged in the very type of conduct which section 19(g) of the Act was designed to deter. The court remanded the case to the circuit court for the award of additional interest and attorney fees from the arbitration proceeding through the first appeal. *Kuhl*, 147 Ill. App. 3d at 527, 498 N.E.2d at 245.

Many of the cases dealing with the question of whether attorney fees can be awarded where the only dispute is as to interest have concluded that the determining factor is whether there is a *bona fide* dispute over amounts owed for interest. One case which seems to have not applied this standard is *Biggerstaff v. Industrial Comm'n* (1992), 233 Ill. App. 3d 777, 600 N.E.2d 1, from the first district, in which the employer failed to pay the entire award including interest. The claimant filed a section 19(g) proceeding in which she also asked for attorney fees. Prior to judgment, the employer paid all compensation and interest due. The circuit court found the dispute over the method of assessing interest to be *bona fide* and refused to award attorney fees. The claimant appealed, contending she was entitled to sanctions. The appellate court affirmed the denial of sanctions. While it noted the employer's position on the uncertainty of the proper interest calculation, it declined to determine whether the employer's interpretation was correct and stated, citing *Wirth*, that the dispute resulted from the employer's liability for interest and not from a refusal to pay compensation within the meaning of section 19(g). *Biggerstaff*, 233 Ill. App. 3d at 782, 600 N.E.2d at 4.

■ We conclude that the proper course is to determine whether there was a *bona fide* dispute in this case as to the calculation of interest. To take the position that no sanctions may be imposed under section 19(g) of the Act simply because the dispute involved only interest would lead to the potential for abuse of the Act by employers who fail to pay interest without any valid reason, thereby forcing claimants to file section 19(g) proceedings, at their own expense, to obtain full payment of all amounts due them. Such conduct on the part of employers would be contrary to the purpose of the Act, which is to "protect injured employees, and their dependents, by providing a prompt, sure remedy for injuries and requiring that industry, rather than the individual, bear the cost of individual accidents." (*McGee v. Ractian Construction Co.* (1992), 231 Ill. App. 3d 929, 936,

596 N.E.2d 1261, 1266.) Therefore, we deem it immaterial whether the amounts unpaid as of the date plaintiff filed his section 19(g) petition are characterized as principal or interest.

The parties disagree as to whether the dispute over calculation of interest was *bona fide.* Plaintiff argues that under current case law it is clear that section 19(n) of the Act did not apply because of defendant's pre-arbitration credit. According to plaintiff, application of that credit meant there was no amount of the arbitrator's award remaining unpaid as of the date of the award to which interest under section 19(n) of the Act could apply. Thus, interest accrued only under section 2—1303 of the Code as of the date of the Commission's June 14, 1991, decision on review.

■ Interest under section 19(n) of the Act applies to *unpaid* amounts of an arbitrator's award which have accrued as of the date of the award. (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(n) (now 820 ILCS 305/19(n) (West 1994))); *Ballard v. Industrial Comm'n* (1988), 172 Ill. App. 3d 41, 44, 526 N.E.2d 675, 677-78.) A claimant is entitled to interest under section 2—1303 of the Code on all amounts which accrue after the date of the arbitrator's decision. *Ballard*, 172 Ill. App. 3d at 45, 526 N.E.2d at 678.

Defendant does not dispute that section 19(n) interest was not payable on plaintiff's wage-loss differential award because of the pre-arbitration credit and that interest would accrue only under section 2—1303 of the Code. Defendant argues, however, that there was a *bona fide* dispute as to when interest began to accrue on plaintiff's award. He points out that the Commission's initial decision on review in June 1991 established an erroneous wage-loss differential benefit of $332 per week. Defendant appealed that decision to the circuit court, which confirmed the award. Defendant then appealed further to this court, which found plaintiff entitled to a wage-loss differential award, but remanded to the Commission to consider whether the award exceeded the statutory limits. Defendant argues that had he voluntarily paid the award while the appeal was pending and, then, it was later determined that plaintiff was not entitled to a wage-loss differential award, he likely would have had great difficulty in recovering the payment made and would also have lost the use of this money in the meantime. Defendant also argues that until this court ruled in his appeal, he had no way of knowing what his liability to plaintiff might be.

In support of his position, defendant cites *Poe* (230 Ill. App. 3d 1, 595 N.E.2d 593). In that case, the arbitrator denied any benefits to the claimant, finding no causal connection between the accident and claimant's state of ill-being. The Commission found a causal connec-

tion and awarded benefits. Upon review, the circuit court reversed the Commission's decision and remanded the case for the determination of the issue of causation. On remand, the Commission found a causal connection and reaffirmed its initial decision. The circuit court confirmed this decision. A dispute arose as to when interest on the award began to accrue, with the claimant asserting that interest should run from the Commission's first decision and respondent claiming that interest should begin to accrue only from the Commission's decision on remand from the circuit court. The circuit court found in the claimant's section 19(g) proceeding that interest should accrue from the date of the Commission's decision on remand and the claimant appealed. The appellate court agreed that interest would accrue only from the Commission's second decision. In doing so, the court noted that the circuit court's reversal of the Commission's initial decision remanded for a determination of the crucial issue of causation and the court further stated:

"The issue of causal connection is a substantial one, critical to success in proving a claim brought under the Act and, thus, critical to the respective rights of the parties. Upon remand the exact amount of the employer's liability, if any, could not have been known until the Commission's subsequent decision had been rendered. In view of the nature of the issue to be considered upon remand, it would have been unwise for the employer to have tendered payment to the claimant knowing that the Commission might, upon remand, deny the claim altogether as the arbitrator had done. Upon such an eventuality, the employer would have had to collect the excess payment from the claimant, and the claimant would have had the use of money rightfully belonging to the employer. Until the Commission's decision upon remand was rendered, the extent of the employer's liability and obligation was not settled. In short, while the cause was pending upon remand, a definite amount had not been set so that the employer had a reasonable opportunity to avoid accruing interest." *Poe*, 230 Ill. App. 3d at 8-9, 595 N.E.2d at 598.

*Poe* is distinguishable from the instant case. The issue on remand in *Poe* was the crucial issue of causation. Had this issue been determined in the employer's favor, it would have had no liability at all to the claimant. In contrast, the issue on remand in the instant case was the amount of the wage-loss differential to be awarded to plaintiff. Plaintiff's entitlement to the award was affirmed by this court. There was thus no question that defendant would be liable to plaintiff in an amount not to exceed the amount finally awarded in the Commission's decision on remand.

This case is controlled by *Proctor Community Hospital v.*

*Industrial Comm'n* (1971), 50 Ill. 2d 7, 276 N.E.2d 342, in which the claimant had received an award from the Commission, which was set aside by the circuit court. On appeal, the circuit court was reversed and the award reinstated. Respondent then paid the award, but refused to pay any interest thereon. The claimant filed a section 19(g) proceeding, and the circuit court entered a judgment for interest under section 3 of the Interest Act (see Ill. Rev. Stat. 1967, ch. 74, par. 3). (*Proctor*, 50 Ill. 2d at 9-10, 276 N.E.2d at 343.) On appeal, respondent argued that section 3 was not applicable but, assuming it was applicable, during most of the time when interest was accruing, respondent was not a judgment debtor since the circuit court had set aside the award. It contended that as a nondebtor appellee it could not take advantage of the opportunity to stop interest from accruing by tendering the amount of the judgment, plus interest and costs. The court answered this argument by saying that just as a judgment debtor could stop the accrual of interest by paying the judgment, an appellee in respondent's position could do the same. Respondent also argued there was no judgment to which interest could apply until the reversal of the circuit court's order setting aside the Commission's decision. The court responded that interest accrues from the date of the award, even though the award may have been overturned on review and then reinstated after further review. *Proctor*, 50 Ill. 2d at 9-10, 276 N.E.2d at 343.

Other cases have also held that interest accrues from the date of an initial award, despite the award being modified by the Commission or overturned at an intermediate level of review and then subsequently reinstated on further review. (See *Wirth*, 63 Ill. 2d 237, 347 N.E.2d 136; *Aper*, 165 Ill. App. 3d 482, 519 N.E.2d 117.) In his appeal to this court in the instant case, defendant argued that the wage-loss differential should have been $299.15, the exact amount awarded by the Commission in its decision on remand. (*Fernandes*, 246 Ill. App. 3d at 268, 615 N.E.2d at 1196.) He cannot now be heard to complain that he did not know the amount he might finally owe to plaintiff. The fact that defendant also argued in the appeal that plaintiff was not entitled to a wage-loss differential award has no bearing on the issue of when interest began to accrue on the award.

██ We conclude that the circuit court was correct in its finding that interest should accrue on the award as of the Commission's initial decision in June 1991, rather than its decision on remand in December 1993. Although there are instances in which it is unclear when interest should begin to accrue, this is not such a case. We therefore reject defendant's contention that there was a *bona fide* dispute as to when interest should begin to accrue. In addition, it is

clear that interest was properly to be calculated under section 2—1303 of the Code, rather than under section 19(n) of the Act. Yet, the position taken by defendant's attorney in his January 10, 1994, letter to plaintiff's attorney was that interest was available only under section 19(n) of the Act. Not only did he take the position that only section 19(n) interest was applicable, he asserted this interest began to accrue from the date of the Commission's decision on remand, a position not supported by statutory or case law. Defendant points to the fact that the circuit court did not award to plaintiff the total amount of interest as calculated by plaintiff's attorney and maintains this is evidence of a *bona fide* dispute. Indeed, the interest awarded to plaintiff was approximately $2,400 less than he had requested. However, we are compelled to point out the obvious fact that the amount of interest finally awarded was almost $8,800 more than the only interest figure ever offered by defendant.

In *McGee* (231 Ill. App. 3d 929, 596 N.E.2d 1261), this court identified factors which may be considered in determining whether a failure to pay is unreasonable. Those include (1) the presence or absence of a demand for payment, (2) the length of time which elapsed between the date the Commission's decision became final and the date of filing of the section 19(g) petition, (3) the negotiations and communications which took place between the parties during this period, (4) whether the decision of the Commission left room for good-faith disagreement as to the amount of payments owed by the employer, and (5) whether and when the employer made a good-faith offer of settlement. (*McGee*, 231 Ill. App. 3d at 935, 596 N.E.2d at 1265.) Applying these factors to the instant case, plaintiff made a demand for payment and attempted on more than one occasion to point out to defendant his error in the calculation of interest. Plaintiff dismissed his appeal of the Commission's decision on remand on May 25, 1994. Over five months elapsed between this date and the filing of the section 19(g) proceeding. We have already referred to the communications between the parties and particularly note that no effort was made by defendant to correct his erroneous calculation of interest. We also note that there was no room for good-faith disagreement as to what interest was owed and that defendant never made any good-faith offer of settlement. Accordingly, we hold that defendant's failure to pay was unreasonable and the circuit court erred in failing to award attorney fees and costs to plaintiff. We therefore remand to that court for a determination of the amount to be awarded.

Reversed and remanded.

McCULLOUGH and KNECHT, JJ., concur.