(No. 21794.—

Cuono Fico, Defendant in Error, *vs.* The Industrial Commission *et al.*—(Michele Bottigliero, Plaintiff in Error.)

*Opinion filed June 22, 1933.*

KERN, STIEFEL & STIEFEL, (JACOB J. KERN, and CHARLES W. STIEFEL, Jr., of counsel,) for plaintiff in error.

LOUIS L. LETTIERE, (MORRIS J. DREZNER, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

On petition of Michele Bottigliero, plaintiff in error, a writ of error was awarded by this court to review the proceedings of the circuit court of Cook county wherein a judgment was entered on December 27, 1932, against Bottigliero and in favor of Cuono Fico, defendant in error, under the provisions of the Workmen's Compensation act of this State. A previous application of Fico for judgment on the same award against the same respondent had been refused by the same court on May 9, 1930.

Fico suffered a foot injury by accidental means on June 22, 1929, while painting windows on property alleged to have been owned by Bottigliero in Chicago. He was employed to do this work about June 15, 1929, by Mrs. Rosalind Quaranta, a daughter of Bottigliero. Her husband, Samuel Quaranta, paid him seven dollars a day for his work, and also drew the sum of $87.50 out of his own bank account for Fico's doctor's and hospital bills and as "payment in full for work done and for all or any claims I may have," Fico declaring himself "satisfied with such payment" in a written receipt signed by him, which also added, "and further, I absolve of any responsibility the

said Mr. Quaranta for any consequence due to the accident which occurred to me while doing work for him as the legal representative of Mr. Bottigliero." An award of compensation for twenty per cent permanent injury to his right foot, amounting to $688, was entered by the arbitrator in favor of Fico on October 10, 1929.

At the beginning of the hearing before the arbitrator, and before any evidence was heard, an attorney appeared specially "for the purpose of making a motion to dismiss, on the ground of there being no service on Michele Bottigliero, either personally or constructive, and that this commission has no jurisdiction of Michele Bottigliero." The motion was based principally on the undisputed fact that Bottigliero left Chicago in May, 1929, and was in Italy at the time Fico was employed, June 15, and at the time of his injury, June 22, 1929. Bottigliero had not returned to this country at the time of the hearing in October, 1929, and claimed he had never authorized his daughter or any other person to hire Fico and had received no notice of the accident or of the claim for compensation. The arbitrator overruled the motion and proceeded to hear the evidence, with the result above stated, and his award was confirmed by the Industrial Commission on February 6, 1930. Subsequently the attorney for Fico gave notice to the attorney who had appeared specially before the commission for Bottigliero, that he expected to apply to the circuit court on April 11, 1930, for judgment on the award, and on April 17, 1930, leave was granted by the court to Bottigliero's attorneys to file his special and limited appearance, again challenging the jurisdiction of the court and the Industrial Commission to enter such a judgment. On May 9, 1930, Judge Harry W. McEwen, to whom the case had been assigned, refused to enter judgment on the award in Fico's favor in the following order: "This cause coming on to be heard on petitioner's motion to enter judgment on award herein, after arguments of counsel and due deliberation by

the court said motion is denied." Over three months later the attorney for Fico again filed certified copies of the arbitrator's award and decision of the Industrial Commission in the circuit court and notified one of the attorneys for Bottigliero that he would again appear in that court on August 29, 1930, and ask for judgment on the award. No further action was taken in the case until over two years later, when the cause came up for hearing before Judge Martin H. Finneran on December 24, 1932. At that time leave was asked to file a special appearance in behalf of Bottigliero for the sole purpose of questioning the jurisdiction of the court to enter judgment on the award alleged to have been improperly made without jurisdiction by the Industrial Commission. By his verified answer and special appearance Bottigliero averred that he had never employed Fico nor authorized his employment by Samuel or Rosalind Quaranta or any other person; that he had never authorized Samuel or Rosalind Quaranta to act for him or in his behalf in managing or repairing the premises where Fico was injured; that no notices of the claim for compensation or hearings before either the arbitrator or Industrial Commission had been given to him in any manner; that no notice of the accident was given to him by Fico within thirty days thereof or at any other time; that no claim for compensation was made by Fico upon him within six months of the alleged injury or at any other time; that he had never had an opportunity to be heard either before the arbitrator or the commission; that no facts appear of record to show the acquirement of jurisdiction by the Industrial Commission to enter the award; that the same motion now made by Fico was made and denied in the same court on May 9, 1930, by Judge McEwen; that the term at which the judgment was denied has long since ended, and that "this motion is asking this court to sit as a reviewing court on the judgment of the same court."

The court refused to consider the matters set forth in Bottigliero's special answer and appearance and entered judgment on the award, as above stated.

The record before us presents the anomalous situation of the same court refusing on May 9, 1930, to enter a judgment on an award for compensation because no jurisdiction existed, and then, over two years later, on December 27, 1932, reversing its judgment on the same award. There is no warrant or authority in the Workmen's Compensation law for any such proceeding. If the original application on May 9, 1930, had been decided adversely to Bottigliero and judgment entered on the award in favor of Fico, certainly no one would contend that Bottigliero could keep on filing motions indefinitely in the hope that some judge would eventually set the award aside. A series of judgments upon an award is not contemplated by the act. (*Brown* v. *Fuller Co.* 159 N. W. (Mich.) 376.) The practice and procedure in workmen's compensation cases is, as we have so often held, strictly statutory, and paragraph (*g*) of section 19 of the act refers only to one judgment, and indicates clearly that such "judgment * * * shall, until and unless set aside, have the same effect as though duly rendered in an action duly tried and determined by said court, and shall with like effect be entered and docketed." Whether the circuit court decides to render a judgment in accordance with the award or declines to enter such confirmance because no jurisdiction appears to sustain the award, its decision nevertheless is a judgment in either event. Fico could have sued out a writ of error for review of the judgment entered against him in May, 1930, just as Bottigliero was forced to do when a second judge of the same court held against his contentions in December, 1932. Where some controlling fact or question has been adjudicated in a former suit and the same fact or question is again put in issue in a subsequent suit between the same parties, the former adjudication, if properly pre-

sented and relied upon, will be conclusive of the fact or question in the subsequent suit, irrespective of whether the cause of action in both suits is the same. (*Rubin* v. *Kohn*, 344 Ill. 166, and cases cited.) In the present case the only question involved—*i. e.*, that of the jurisdiction of the Industrial Commission—had been decided adversely to Fico in the same court in a suit between the same parties on May 9, 1930, and that decision was properly presented and relied upon and was conclusive in the subsequent proceeding on December 27, 1932.

The question of whether the court, on the application for judgment on an award, has power to refuse to enter a judgment in conformity with the decision of the Industrial Commission offers no difficulty. Where the court is exercising a special statutory jurisdiction the record must show upon its face that the case is one where the court has authority to act. Jurisdiction in such cases is never presumed, and if it does not appear the judgment will be void. (*Brown* v. *VanKeuren*, 340 Ill. 118.) Where jurisdiction of the court extends over a class of cases it is the province of the court to determine for itself whether the particular case is one within its jurisdiction. (*Gardner* v. *Maroney*, 95 Ill. 552, and cases cited.) The rendering of a judgment on an award under paragraph (*g*) of section 19 of the act is not a perfunctory duty or an empty formality but is a judicial act, and as such must necessarily be predicated upon jurisdiction of the subject matter and the parties.

The judgment of the circuit court of May 9, 1930, in refusing to enter judgment on the award of the Industrial Commission was *res adjudicata,* and the judgment of the same court on December 27, 1932, was erroneously entered and is therefore reversed. *Judgment reversed.*