BRIAN G. EVANS, Petitioner-Appellant, v. CORPORATE SERVICES, Respondent-Appellee.

Second District No. 2—90—0398

Opinion filed December 28, 1990.

Randall K. Reese and William E. Gottfred, both of Reese & Reese, of Rockford, for appellant.

August M. Mangoni and Louis G. Atsaves, both of August M. Mangoni, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Petitioner, Brian G. Evans, appeals from an order of the circuit court of Winnebago County dated March 15, 1990, vacating, on jurisdictional grounds, its prior default judgment of September 13, 1989, assessing certain attorney fees and costs against respondent, Corporate Services. The trial court vacated the prior judgment as void because the notice provisions of section 19(g) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(g)) were not followed, and the court considered those provisions jurisdictional. Petitioner contends that substantial compliance with the notice provisions of section 19(g) was sufficient to confer jurisdiction and that respondent failed to exercise due diligence and to present a meritorious defense in obtaining the vacatur. We affirm for the reasons that follow.

The record discloses that petitioner had received a worker's compensation award in the amount of $8,343.08, and the award was affirmed by the Industrial Commission on June 28, 1989. The parties agree that the decision of the Commission became final on July 24, 1989. On August 15, 1989, petitioner filed an application for judgment on the award in the circuit court pursuant to section 19(g) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(g)), alleging that respondent had refused to pay the award and requesting attorney fees and costs as provided by statute. At the time the application was filed, respondent had not yet paid the amount of the award. In his application, peti-

tioner represented that he had attached "certified" copies of the award and decision of the Industrial Commission.

Petitioner's proof of service stated that notice of the application for judgment was sent by mail on August 15, 1989, to Corporate Services, its attorney, Louis G. Atsaves, and the Illinois Industrial Commission. Personal service was also attempted on the corporate respondent through the sheriff's department by delivery of the notice to Regina Ver Kuilen, an employee who was entrusted with the insurance matters of the respondent.

At the hearing set for September 13, 1989, when petitioner presented the application, respondent failed to appear. Petitioner claimed that, at the time the application was filed, respondent had refused to pay the award. However, petitioner acknowledged that, after the filing of the application and after service "appropriately" made, respondent sent a check for the amount of the award. Petitioner claimed, nevertheless, that, under section 19(g) of the Act, he was entitled to attorney fees in the amount of $2,328.14 for the arbitration proceedings, $500 in attorney fees for the application process, and costs in the amount of $60. The trial court granted petitioner's request for a default judgment, awarding those sums specifically sought at the hearing and totalling $2,888.14.

In November 1989, petitioner instituted garnishment proceedings against the First National Bank & Trust, presumably respondent's bank; he stated on the affidavit for garnishment that the judgment was unpaid in the amount of $2,828.14 on the principal, $20 in costs, and $40 in interest. While the bank acknowledged receipt of the garnishment summons, the record does not indicate that such summons was ever issued to respondent. By order entered November 28, 1989, the trial court ordered garnishee to turn over the sum of $2,888.14 to petitioner.

On January 31, 1990, respondent, through its attorney, Louis G. Atsaves, filed a petition to vacate the judgment of September 13 pursuant to section 2—1401 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). The petition alleged that the judgment was void for lack of jurisdiction when it was entered because service of notice was inadequate and no certified copy of the decision of the Commission had been presented pursuant to section 19(g) of the Act. Respondent further alleged that it had a meritorious defense to the application for judgment in that it had never refused to pay the award, and the payment was in fact made in full. The petition alleged due diligence, and it was supported by various affidavits stating that no notice from the Industrial Commission was ever received by re-

spondent, its agents or attorneys.

Section 19(g) of the Act states in pertinent part:

"[E]ither party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith. In a case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered, which judgment and costs taxed as therein provided shall, until and unless set aside, have the same effect as though duly entered in an action duly tried and determined by the court ***.

Judgment shall not be entered until 15 days' notice of the time and place of the application for the entry of judgment shall be served upon the employer by filing such notice with the Commission, which Commission shall, in case it has on file the address of the employer or the name and address of its agent upon whom notices may be served, immediately send a copy of the notice to the employer or such designated agent." Ill. Rev. Stat. 1987, ch. 48, par. 138.19(g).

On March 15, 1990, the trial court granted respondent's petition and vacated the prior default judgment. The court stated that section 19(g) was not followed and that it was a statutory measure that was jurisdictional. The court further specified that the defect lay in the failure of the Industrial Commission to send notice to the respondent despite the personal service from petitioner.

We first address whether respondent could properly bring its petition to vacate the default judgment on jurisdictional grounds. Contrary to the assertions of petitioner that respondent has failed to meet the requirements imposed by section 2—1401 such as due diligence in bringing its petition to vacate, we point out that a void judgment, order or decree may be attacked at any time or in any court, either directly or collaterally (*R.W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 309), without any showing of diligence or a meritorious defense (*Sawant*, 111 Ill. 2d at 309; *Francisco v.*

*Francisco* (1980), 83 Ill. App. 3d 594, 596). A court has inherent authority to expunge void acts from its records. (*Dahl v. Grenier* (1984), 126 Ill. App. 3d 891, 893-94; Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.) A judgment or order is void where it is entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular order or judgment (*Potenz Corp. v. Petrozzini* (1988), 170 Ill. App. 3d 617, 618), or where the order is procured by fraud (*Vulcan Materials Co. v. Bee Construction Co.* (1981), 101 Ill. App. 3d 30, 40). Where, as here, the petition sought to attack the judgment on jurisdictional grounds, we find that respondent's petition was properly brought before the trial court.

We next consider whether the trial court had jurisdiction to enter judgment on petitioner's application pursuant to section 19(g) of the Act. The rendering of a judgment on an award under section 19(g) of the Act is not a perfunctory duty, but a judicial act, and as such must necessarily be predicated upon jurisdiction of the subject matter and the parties. (*Fico v. Industrial Comm'n* (1933), 353 Ill. 74, 79.) The jurisdiction exercised by the circuit courts under the Workers' Compensation Act is a special statutory jurisdiction, and the parties seeking a hearing in the circuit court under the Act must comply with all the conditions prescribed. (*Peter H. Clark Lodge No. 483, I.B.P.O.E. of W. Elks v. Industrial Comm'n* (1971), 48 Ill. 2d 64, 68; *Beasley v. Industrial Comm'n* (1990), 198 Ill. App. 3d 460, 464.) Where the court is exercising a special statutory jurisdiction, such jurisdiction is never presumed. (*Fico*, 353 Ill. at 79.) The requirements for the circuit court's subject-matter jurisdiction under the Act demand strict compliance, and proof of the court's jurisdiction must affirmatively appear in the record. *Arrington v. Industrial Comm'n* (1983), 96 Ill. 2d 505, 508-09.

In order to permit the speedy entry of judgment on an award, section 19(g) of the Act provides in absolute terms that, upon presentation of a *certified* copy of an award or decision to the circuit court, and where no proceedings for review are pending, the court shall render a judgment in accordance therewith. (*Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 268; Ill. Rev. Stat. 1987, ch. 48, par. 138.19(g).) The circuit court's inquiry, however, is limited to a determination of whether the requirements of section 19(g) have been met. *Ahlers*, 73 Ill. 2d at 268; *McMurray v. Peabody Coal Co.* (1917), 281 Ill. 218, 223.

The legislature has seen fit to make the presentation of a certified copy of the final award or decision a condition precedent to the entry of judgment. We believe that the language of the statute is

plain and that there is no room for construction. A certified copy of a document is one signed and certified as a true copy by the officer to whose custody the original is entrusted. (*People v. Fiddler* (1968), 102 Ill. App. 2d 319, 325, *rev'd on other grounds* (1970), 45 Ill. 2d 181.) No such certified copy appearing to have been filed with petitioner's application and made part of the record, we conclude that a threshold requirement of the statute has not been followed. Therefore, the trial court was without authority to enter judgment on the award; the default judgment entered on September 13 was void, and the trial court properly vacated it.

In view of our determination, we do not need to consider the issue whether petitioner's attempted service of process was also sufficient under the statute. We observe, however, that even if petitioner could have established the jurisdiction of the trial court to hear the matter, he would not necessarily prevail in this appeal on the merits. One of the purposes of the statute is to compensate a claimant who is compelled to incur additional expenses by reason of the refusal to pay an award by allowing him court costs and attorney fees. (*Franklin v. Wellco Co.* (1972), 5 Ill. App. 3d 731, 734.) Proof of payment or tender of payment is a complete defense to a claim for judgment and attorney fees and costs (*Board of Education of High School District No. 502 v. Industrial Comm'n* (1923), 308 Ill. 445, 450), but where anything is properly due the employee under the final award at the time application for judgment is made, then the circuit court should enter judgment as provided in section 19(g) (*Voorhees v. Industrial Comm'n* (1964), 31 Ill. 2d 330, 332). However, the statute itself gives no authority to allow reasonable attorney fees and costs to be taxed against the party owing compensation unless that party *refuses* to pay the compensation, or some installment thereof, when it becomes due. *McMurray v. Peabody Coal Co.* (1917), 281 Ill. 218, 224, 226; see also *Board of Education*, 308 Ill. at 451; *Franklin*, 5 Ill. App. 3d at 735.

Here, the record does not affirmatively establish that the respondent ever refused to pay the award so that petitioner was compelled to incur additional expenses. It is not contested that the petitioner was paid in full sometime in August 1989 before the hearing was had. Under these circumstances, it would seem unfair and unreasonable to tax respondent with attorney fees and costs. To conclude otherwise would mean that, the day after an award became final, without making a demand for payment, a petitioner could immediately file an application for judgment and automatically obtain fees and costs without even affording the respondent a reasonable time to

make payment. This harsh result does not appear to be contemplated by the statute.

For the reasons stated, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

INGLIS and NICKELS, JJ., concur.