REINHOLD KLEIBOEKER, Appellee and Cross-Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Richter Construction Company, Appellant and Cross-Appellee).

Fifth District (Industrial Commission Division)   No. 5—90—0724WC

Opinion filed October 29, 1992.

1022

STOUDER, J., dissenting.

Michael E. Rusin, of Stevenson, Rusin & Friedman, Ltd., of Chicago, for appellant.

James McGlynn, of McGlynn & McGlynn, of Belleville, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Claimant, Reinhold Kleiboeker, filed an application for adjustment of claim under the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*). The matter was heard on January 21, 1985, by an arbitrator who determined that, as a result of injuries arising out of and in the course of claimant's employment with respondent (Richter Construction Company), he was temporarily totally disabled for a period of 61¹/₇ weeks, and that he was permanently disabled to the extent of 30% under section 8(d)(2) of the Act. In a decision dated May 1, 1990, the Industrial Commission (Commission) affirmed the arbitrator's decision and awarded $12,872.65 for reasonable and necessary medical expenses. The Commission denied claimant's claims for additional compensation under sections 19(k) and 19(l) (Ill. Rev. Stat. 1979, ch. 48, pars. 138.19(k), (l)), as well as attorney fees. The Commission found that there was a legitimate question whether claimant's condition of ill-being was related to his work injury.

Thereafter, claimant applied for judgment pursuant to section 19(g) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g)) in the circuit court of Marion County. In an order dated October 2, 1990, the court below granted claimant's application and awarded him $18,467.86 in attorney fees. The court also awarded claimant $3,440 in interest under the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1303) from May 15, 1990, to October 2, 1990, plus an additional $119.28 in section 19(n) interest for 14 days. This appeal followed.

Respondent argues that the section 19(g) application should be dismissed, and the Code interest and attorney fees awards reversed. Claimant cross-appeals, contending that section 19(n) of the Act unconstitutionally establishes a lower rate of interest on arbitrators'

awards than other awards within this State and that section 19(n) unconstitutionally provides for a unilateral burden upon a worker's appeal to the Commission.

■ First, we address the issues raised by respondent, who first argues that claimant's section 19(g) application was insufficient, failed to comply with the law and, therefore, should have been dismissed by the trial court. Section 19(g) reads in pertinent part as follows:

> "Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith. In a case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered, which judgment and costs taxed as therein provided shall, until and unless set aside, have the same effect as though duly entered in an action duly tried and determined by the court, and shall with like effect, be entered and docketed. \*\*\*
>
> Judgment shall not be entered until 15 days' notice of the time and place of the application for the entry of judgment shall be served upon the employer by filing such notice with the Commission, which Commission shall, in case it has on file the address of the employer or the name and address of its agent upon whom notices may be served, immediately send a copy of the notice to the employer or such designated agent." Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g).

From the record before us, we relate the following pertinent facts. The decision and opinion on review of the Commission was dated May 1, 1990. On June 11, 1990, claimant gave notice of his intention to make an application for entry of judgment to the Commission and to Becky Merrick of State Farm Insurance, Bloomington, Illinois, respondent's insurer. No such notice was sent directly to respondent or to its attorney(s).

On June 28, 1990, pursuant to section 19(g), claimant made application with the circuit court for entry of judgment upon the Commission's final decision. On June 29, 1990, claimant's attorney sent Becky Merrick of State Farm Insurance a copy of the application filed with the circuit court. On July 3, 1990, respondent tendered payment, but claimant rejected same because it was untimely and it did not properly calculate the section 19(h) and Code interest. On July 5, 1990, respondent filed its objections to the application and, in the alternative, moved to dismiss the application. On July 9, 1990, respondent filed additional objections to the application. The court heard argument on July 10, 1990, and issued its order on October 2, 1990, wherein it granted claimant's application.

First, respondent argues that the application is deficient because it fails to show that the Commission's decision is final. Respondent contends that there is nothing in claimant's application to show when the decision was served on or received by respondent. Respondent goes on to argue that, absent service, the Commission's decision is never final. This contention is without merit.

■ First, we note that the record clearly indicates that respondent litigated this matter before the arbitrator and the Commission and consequently was on notice of the Commission's final decision. Further, the relevant statutory language reads that "either party may present a certified copy *** of the decision of the Commission when the same has become final." (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g).) The statute says nothing about the parties' receipt of the Commission's decision as a condition precedent to its becoming final. Moreover, the statute does not require claimant to allege and prove the respondent's receipt of the Commission's decision. Further, we note that respondent does not argue that it did not receive the Commission's decision in timely fashion. It merely contends that claimant has the burden of proving its receipt of the Commission's decision and that he did not meet same.

■ Respondent next argues that claimant failed to comply with that part of section 19(g) which states in pertinent part:

"Judgment shall not be entered until 15 days' notice of the time and place of the application for the entry of judgment *shall be served upon the employer by filing such notice with the Commission, which Commission shall, in case it has on file the address of the employer or the name and address of its agent upon whom notices may be served, immediately send a copy of the notice to the employer or such designated agent.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g).

The record demonstrates claimant's full compliance with the statute. On June 11, 1990, claimant's attorney sent the Commission a notice of his intention to make an application with the circuit court of Marion County for the entry of judgment upon the Commission's final decision. The notice stated that a copy of it was sent to Becky Merrick of State Farm's Bloomington, Illinois, office. (Ms. Merrick is apparently not an attorney but rather a State Farm employee.) Accompanying said notice was a cover letter addressed to the Commission at its Chicago address with a carbon copy of same to Ms. Merrick. Both bear the Commission's file stamp of June 13, 1990. Under the statute, it was then the Commission's task to forward said notice to respondent or its attorney. There is no question that claimant followed section 19(g)'s directives. Accordingly, we find that claimant's application was not deficient and, therefore, is properly before us.

Respondent asserts that *Evans v. Corporate Services* (1990), 207 Ill. App. 3d 297, is relevant to this issue. We disagree. In *Evans*, petitioner filed a section 19(g) application in the circuit court but failed to attach a certified copy of the Commission's decision. The *Evans* court found that the failure of petitioner to file a certified copy left the circuit court without jurisdiction. There is no such deficiency here. Claimant presented a certified copy of the Commission's decision in its section 19(g) application. Thus, *Evans* is inapposite.

■ Next, respondent argues that a judgment should not have been entered by the trial court because it made a full tender of the award to claimant. As noted above, claimant's notice of application was filed with the Commission on June 13, 1990. Claimant filed his application for entry of judgment in the trial court on June 28, 1990. On July 3, 1990, respondent tendered payment for the full amount awarded by the Commission. Claimant refused said tender as untimely and insufficient.

Respondent argues that a complete tender is a complete defense to an application for judgment. (*Ballard v. Industrial Comm'n* (1988), 172 Ill. App. 3d 41.) In response, claimant cites the following language in *Ballard*:

"Full payment or tender of full payment of a final award is a complete defense to an application for judgment under section 19(g), *but if anything is properly due the employee after the final award at the time the application for judgment is made, the circuit court should enter judgment as provided in section 19(g)*." (Emphasis added.) 172 Ill. App. 3d at 46.

Citing no authority, respondent argues that a judgment should not be entered where payment is tendered before the application is pre-

sented for entry. Respondent further maintains that payment was "not unreasonably delayed." As the trial court stated, the import of the relevant cases is that an employer must act quickly after a Commission's decision. Here, respondent was obviously making no effort to pay the award to which claimant was entitled and was only goaded into action by the claimant's application for entry of judgment.

In this case, claimant filed an application for entry of judgment pursuant to section 19(g) of the Act almost two months after the decision of the Commission on May 1, 1990, was entered. On June 11, claimant's attorney sent the Commission a notice of his intention to make an application for judgment. On July 3, 1990, more than 60 days after the Commission's decision became final, respondent made a tender of the total amount due under the Commission's decision. On July 10, 1990, a judgment was entered by the trial court which awarded attorney fees in the amount of $18,467.86, in addition to the amount of the compensation award and interest.

In *Wirth v. Industrial Comm'n* (1976), 63 Ill. 2d 237, a tender was made of the full amount of the award within 60 days of the issuance of the supreme court's mandate remanding the cause for entry of the judgment based upon the arbitrator's award. The claimant then sought attorney fees pursuant to section 19(g) of the Act. The circuit court denied the request for attorney fees but awarded interest from the date of the supreme court's mandate. In interpreting section 19(g), the supreme court stated:

> "Our examination of the record leads us to conclude that *the delay resulted from the dispute* concerning respondent's liability for interest and not from a refusal to pay compensation within the contemplation of section 19(g) of the Workmen's Compensation Act." (Emphasis added.) (63 Ill. 2d at 242.)

The supreme court in the above case had no problem interpreting section 19(g) under the facts of that case that an award of attorney fees was not required because the delay in making payment resulted from a dispute concerning the respondent's liability for interest.

In *Evans v. Corporate Services* (1990), 207 Ill. App. 3d 297, an award of the Commission became final on July 24, 1989. On August 15, 1989, an application for judgment was filed pursuant to section 19(g). At the time the application was filed, the respondent had not paid the amount of the award. Claimant did acknowledge that after the filing of the application and after service was made, the respondent sent a check for the amount of the award. Nevertheless, claimant claimed that he was entitled to attorney fees under section 19(g). In *Evans*, the court stated:

"Here, the record does not affirmatively establish that the respondent ever refused to pay the award so that petitioner was compelled to incur additional expenses." (207 Ill. App. 3d at 303.)

The above statement was *dicta* in view of the fact that the court found the circuit court was *without jurisdiction*. *Evans* is easily distinguishable from the appeal at bar, where there is no issue as to jurisdiction, as a certified copy of the Commission's decision was timely filed as required by the statute. Similarly, *Pierce v. Tee-Pak, Inc.* (1990), 196 Ill. App. 3d 544, and *Aper v. National Union Electric Corp.* (1988), 165 Ill. App. 3d 482, also cited by respondent, are inapposite, as neither involves a situation in which the employer has refused to pay claimant's award.

In this cause, there was no dispute nor was there any absence of jurisdiction as found in the *Wirth* and *Evans* cases. Respondent made no effort to pay the award to which the claimant was entitled until after claimant had filed an application for judgment. There was no dispute concerning the liability of respondent to pay compensation and interest. The language of section 19(g) appears to be mandatory, and here the respondent made a tender only after claimant's application for entry of judgment had been made. The claimant properly proceeded under section 19(g); however, the Act itself provided that notice for application for judgment to the respondent was to be given by the Commission; in this case, the Commission did not send a notice promptly, although a copy was mailed to an employee of the respondent's insurance company. An award of attorney fees is required under these facts pursuant to section 19(g), but said award should be in a fair and reasonable amount.

In view of the facts and circumstances of this case, particularly in view of the fact that the Commission did not promptly send a notice of claimant's intention to apply for a judgment, the award of $18,467.86 for attorney fees is far out of proportion to any sanction or penalty that should be awarded against the respondent under these facts. Accordingly, this cause is remanded to the circuit court for hearing on the reasonable expenses and reasonable attorney fees incurred with respect to the section 19(g) proceedings in the circuit court of Marion County.

Next respondent argues that the trial court should not have awarded Code interest because no compensation accrued after the arbitrator's decision. The trial court awarded Code interest at a rate of $24.96 a day from May 15, 1990, to the date it entered the judgment order, October 2, 1990.

It is now well settled that section 2—1303 interest (Ill. Rev. Stat. 1987, ch. 110, par. 2—1303) is available for section 19(g) judgments. (*Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d 87; *Ballard v. Industrial Comm'n* (1988), 172 Ill. App. 3d 41.) As stated in *Bray*, recognizing the availability of Code interest in section 19(g) judgments achieves "the Act's objective of providing employees with quick and efficient compensation for injuries. Interest accruing on awards ensures that employers have nothing to gain by delaying payment without cause. Interest payments also further the Act's objective of prompt compensation by ensuring that the employee begins benefitting from the award upon the *** Commission's decision, even if the employee does not actually receive payment until later." (161 Ill. App. 3d at 96-97 (Barry, J., specially concurring).) Under the relevant case law, the trial court properly awarded claimant Code interest for the subject period.

■ Finally, claimant cross-appeals, arguing that section 19(n) is unconstitutional. After sifting through claimant's various assertions, we conclude that he is making an equal protection argument.

Prior to the 1984 amendment, section 19(n) stated:

"All decisions of the Industrial Commission confirming or increasing an award entered by an arbitrator of the Commission shall bear interest at the rate of 6% per annum from the date of the arbitrator's award on all compensation accrued. However, the employer or his insurance carrier may tender the payments due under the award to stop the further accrual of interest on such award notwithstanding the prosecution by either party of review, certiorari, appeal to the Supreme Court or other steps to reverse, vacate or modify the award." Ill. Rev. Stat. 1983, ch. 48, par. 138.19(n).

Following amendment, section 19(n) provides:

"After June 30, 1984, decisions of the Industrial Commission reviewing an award of an arbitrator of the Commission shall draw interest at a rate equal to the yield on indebtedness issued by the United States Government with a 26-week maturity next previously auctioned on the day on which the decision is filed. Said rate of interest shall be set forth in the Arbitrator's Decision. Interest shall be drawn from the date of the arbitrator's award on all accrued compensation due the employee through the day prior to the date of payments. However, when an employee appeals an award of an Arbitrator or the Commission, and the appeal results in no change or a decrease in the award, interest shall not further accrue from the date of such appeal.

The employer or his insurance carrier may tender the payments due under the award to stop the further accrual of interest on such award notwithstanding the prosecution by either party of review, certiorari, appeal to the Supreme Court or other steps to reverse, vacate or modify the award." Ill. Rev. Stat. 1985, ch. 48, par. 138.19(n).

Claimant points out section 19(n) provides that if the employee appeals or cross-appeals from an arbitrator to the Commission and his appeal is unsuccessful, *i.e.*, results in no change or a decrease in the arbitrator's award, he forfeits interest accrued during the pendency of his appeal or cross-appeal. This is a precondition to workers' appeals and is stated *pro forma* at the conclusion of each arbitrator's award. Claimant asserts that because the statute makes no provision for any precondition on the employer's appeal, it establishes a unilateral and unconstitutional burden upon the employee.

We note that equal protection challenges to the Act have been frowned upon by courts of review. In *Arnold v. Industrial Comm'n* (1960), 21 Ill. 2d 57, claimant contended that the Act denied him equal protection because as a nonresident, he was denied benefits that a resident would be entitled to. The *Arnold* court wrote:

"There is no merit in the contention. The constitutional guaranty of equal protection of the laws is designed to prohibit only discriminations that are arbitrary. It does not prevent a State from adjusting its legislation to differences in situation, so long as the classification is based on a difference having a rational relation to the subject of the particular legislation. [Citations.] The Workmen's Compensation Act is designed 'to promote the general welfare of the people of this State,' and a requirement that the employment relationships to be covered thereby have a substantial connection with this obviously bears a rational relation to the subject of the act." 21 Ill. 2d at 63.

In *Cole v. Industrial Comm'n* (1988), 166 Ill. App. 3d 486, claimant maintained that the denial of a full hearing on appeal of section 19(b—1) proceedings unconstitutionally violated her rights to equal protection and due process. The *Cole* court stated:

"[C]laimant has not established she was denied equal protection. Statutes and rules may differentiate between persons similarly situated as long as the classification bears a reasonable relationship to a legitimate purpose. [Citation.] Claimant is not a member of a 'suspect classification' and *** there is a rational basis for distinguishing between review of regular applications

for adjustment of claim and section 19(b—1) proceedings." 166 Ill. App. 3d at 491.

Moreover, this court has already examined the legislative intent behind the 1984 amendment to section 19(n). In *Hughes v. Industrial Comm'n* (1990), 196 Ill. App. 3d 143, we stated:

> "Our review of the legislative history surrounding this [1984] amendment reveals intent on the part of the legislature to alter the meaning of this provision insofar as it relates to the sums upon which interest is computed. Rather, the amendments to section 19(n) were intended merely to decrease the interest rate applicable to those sums. *Furthermore, the amendments to section 19(n), together with the other amendments made to the Act by Public Act 83—1125, were intended to save the employer community an estimated $40 million per year.*" (Emphasis added.) (196 Ill. App. 3d at 147.)

Thus, the goal of the 1984 amendment was to improve the State's economic environment which would benefit both the employers and employees.

Under the rational basis test for whether a statute violates equal protection, the court simply inquires into whether the means employed by the statute to achieve the legislation's purpose are rationally related to said purpose. (*Fumarolo v. Chicago Board of Education* (1990), 142 Ill. 2d 54.) We find the 1984 amendment to section 19(n) is rationally related to the goal stated above. It balances the needs of both employer and employee, while not restricting the latter's access to the administrative process. Consequently, we reject claimant's contentions and hold that section 19(n) is not violative of his equal protection rights.

For the reasons stated above, the judgment of the circuit court is affirmed except that this cause is remanded to the circuit court for the purpose of taking evidence and determining reasonable expenses and reasonable attorney fees incurred with respect to the section 19(g) petition and proceedings in the circuit court as hereinbefore provided.

Affirmed and remanded.

McCULLOUGH, P.J., and RAKOWSKI and H. LEWIS, JJ., concur.

JUSTICE STOUDER, dissenting:

I find the award of attorney fees and costs unjustified under the facts of the instant case. Section 19(g) provides in pertinent part: "In a case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered

the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered ***." Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g).

The time period involved in this case was relatively short. The Commission rendered its decision on May 1, 1990, and the amount of the award was tendered July 3, 1990. I note that notice of the intention to bring a section 19(g) action was not sent to the respondent or its attorney until sometime after June 13, 1990, and that the award was paid within six days of the actual filing of the section 19(g) action. In fact, notice of the filing was not received by State Farm, the insurer, until July 5, 1990, two days after State Farm tendered payment.

I also find the record fails to demonstrate a refusal to pay on the part of the respondent. Inquiries by an attorney, without more, do not in and of themselves reveal a refusal to pay compensation—especially given the short time frame involved here. In addition, it is the insurance carrier who is processing the payment of the claim, and this of necessity takes a certain amount of time. I fail to see how the insured can be held accountable for delays resulting from the normal operations of its insurance carrier.

I also find *Evans v. Corporate Services* (1990), 207 Ill. App. 3d 297, 565 N.E.2d 724, is not distinguishable. In *Evans*, the respondent tendered payment within 2½ months of the Commission's decision and shortly after the section 19(g) application was filed. The *Evans* court, in *dicta,* stated it would be unfair and unreasonable not to afford a reasonable time to the respondent to make payment. The same holds true in this case. Therefore, I believe the judgment granting attorney fees and costs should be reversed.